360 So.2d 577 (1978)
Edward MANGIN et al.
v.
William H. AUTER, Jr., et al.
No. 9142.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied July 26, 1978.
Thomas E. Loehn, New Orleans, for relator.
Wayne J. McDougall, Chalmette, for respondent.
Before REDMANN, LEMMON, STOULIG, BEER and GARSAUD, JJ.
LEMMON, Judge.
This case comes before us after we granted defendant's application for supervisory writs, complaining of a judgment overruling an exception of prescription after a hearing on the exception.
The issue before the court is whether plaintiffs' claim for damages sustained in a February 29, 1976 accident was prescribed when suit was filed on March 1, 1977.
Supervisory Writs
Generally, this court will not exercise supervisory jurisdiction to review a judgment overruling a peremptory exception, although an intermediate appellate court has plenary power in its discretion to intervene at any stage of a proceeding in a trial court. La.Const.1974, Art. 5, § 10. See also Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964). Under the self-imposed limits on its supervisory powers, the courts of *578 appeal almost without exception deny writ applications complaining of the overruling of exceptions on the basis that the relator may ultimately win on the merits or, if he ultimately loses on the merits, may reurge the exception on appeal and obtain adequate relief. Furthermore, the courts of appeal do not wish to encourage routine applications for supervisory review of interlocutory judgments, since such a practice would substantially disrupt the dockets of the courts at both levels.
Nevertheless, this policy is not absolute, and the court in its discretion may grant meritorious applications for supervisory writs when the action is dictated by considerations of efficient judicial administration and fundamental fairness to litigants.
In the present case there is absolutely no issue of fact, and if the claim is prescribed, a trial on the merits will not provide any facts to affect the outcome of the suit. Equally important, an order reversing the judgment and maintaining the exception will terminate the litigation.
When the court was presented with the writ application, the initial reaction was that the result was incorrect. We granted the writ, because our correcting the judgment at this stage would avoid the useless expenditure of time and effort by the attorneys, the judge, and the court personnel and of money by the litigants. Clearly, the time and expense of a trial on the merits will be wasted, if the ultimate decision will be based on the exception of prescription, which at this stage of the proceedings has been tried on its undisputed facts and seems on its face to be meritorious.
Therefore, while we reiterate and reemphasize our general policy against reviewing routine applications for supervisory writs under C.C.P. art. 2201 after an exception has been overruled, we conclude that the writ was providently granted under the circumstances of this case.[1]
Here, the accident occurred on February 29, 1976, and the question is, what is a "year of the calendar" after a February 29? The February 29 next following is four calendar years later, rather than one. Thus, either February 28 or March 1 of the following year is the last day of the "year of the calendar" following a February 29.
Art. 3468's rule for counting months "whatever may be the number of days which each month may contain" is instructive. A claim prescribed by a period of months and arising on the 30th or 31st day of a month would expire on the last day of the critical month even if that month had only 28, 29 or 30 days. One faced with the two-month limitation for redhibition of animals, C.C. art. 2535, must (ordinarily) sue no later than February 28 (or 29 in leap year) to rescind a sale of December 31: by March 1 two calendar months have passed and the claim is prescribed. That the two-month claim arises December 31 does not entitle the claimant to sue until "February 31", nor until three days after February 28, that is, March 3. This principle is applicable here by close analogy: that a one-year claim arises February 29, 1976 does not entitle the claimant to sue until "February 29, 1977" nor until one day after February 28, 1977, that is, March 1. The period is one year of the calendar, C.C. art. 3469, and between February 29, 1976 and March 1, 1977 a full calendar year of 12 full months has passed (although that calendar year's February had only 28 days). March 1, 1977 is the first day of the second calendar year following February 28, 1976, just as March 1, 1976 was the first day of the first calendar year following February 29, 1976. Plaintiffs could have filed suit on March 1, 1976 and they are not entitled to another March 1 within the one year allowed for filing suit.
This suit brought March 1, 1977 on a claim arising February 29, 1976 and prescribed by one year is prescribed.
*579 Accordingly, the judgment of the trial court is reversed, the exception of prescription is maintained, and plaintiffs' suit is dismissed.
REVERSED AND RENDERED.
REDMANN, J., concurs and assigns reasons.
Stoulig, J., dissents and assigns reasons.
REDMANN, Judge, concurring.
I join in the majority opinion on the merits of the plea of prescription.
I disagree, on fact and and on principle, with the view that this court is and should be sparing in its exercise of supervisory jurisdiction.
The fact is that this court is increasingly generous in its exercise of supervisory jurisdiction, as indeed it ought to be. Last court year we granted 60 of the 165 writ applications we received. (The other three courts of appeal granted a total of 29 of 150 applications.)
The principle is that of La.Const. art. 1, § 22:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality or unreasonable delay, for injury to him in his person, property, reputation or other rights.
If we can spare a litigant the great and unrecoverable expense (surely an "irreparable injury") of the trial of a suit that should be dismissed on exception, we are obliged to do so.
STOULIG, Judge, dissenting.
I respectfully dissent. I am of the opinion that the writ of certiorari should be recalled and vacated.
Relators' applications for writs is based upon the trial court's dismissal of their exception of prescription. Supervisory writs should not be granted from a trial court's overruling of a peremptory exception (an interlocutory ruling), and only in the instances where "harsh results, irreparable injury or arbitrary trial action cannot be avoided by ordinary appellate remedies"[1] should we exercise our extraordinary supervisory powers.
Relators' situation does not fall within one of these exceptions to the general rule against granting of supervisory writs from the dismissal of an exception. The judgment of the trial court in the instant matter does not cause harsh results, irreparable injury nor was it an arbitrary action, the effects of which could not be overcome by appeal. The dismissal of the exception only subjects the relators to the ordinary inconvenience and expense of litigation, which are normally encountered by every defendant and neither of which can be classified as a harsh result or irreparable injury.
NOTES
[1] The three-judge panel originally granted the writ application. After submission on the merits one of the original judges reconsidered and concluded that the writ was improvidently granted. Therefore, although the original panel unanimously agreed on the decision of the merits of the case, the non-unanimity of the judgment reversing the trial court required that the matter be argued before a five-judge panel. La.Const. 1974, Art. 5, § 8(B).
[1] Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964).