DOMENGEAUX, Judge.
MOTION TO DISMISS
This is a suit for separation, custody of the children and child support, by Peggy LeBlanc Webb against Ronald J. Webb. The suit was filed in St. Martin Parish, the alleged domicile of Peggy. Ronald, a domiciliary of East Baton Rouge Parish, filed an exception to the venue. After a hearing, the exception was overruled.
Ronald Webb appealed devolutively from the interlocutory judgment overruling the exception.
We conclude that this appeal should be dismissed ex proprio motu with the observa *1006 tion that judicial efficiency, fundamental fairness, and the expeditious handling of judicial affairs dictate that such an interlocutory judgment should be presented to this court by way of supervisory writs rather than by the lengthy process of appeal.
The devolutive appeal taken herein does not have the effect of staying the trial of the suit on its merits. If the question of venue was presented by supervisory writs, instead of an appeal, a decision on the merits of the writ could be handled expeditiously. If the trial court erred in its ruling, a correction in the ruling could be made without delay which would avoid useless expenditure of time and effort by the attorneys, trial judge, court personnel and expenditures of the litigants. Clearly, the time and expense of a trial on the merits will be wasted if such trial is held in the wrong venue. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978). Under these particular circumstances, we feel that this appeal should be dismissed, with the observation that justice would be best served if this matter would be presented to this court by supervisory writs. This appeal is hereby dismissed.
APPEAL DISMISSED.