531 So.2d 1140 (1988)
Stella H. MELTON
v.
UNITED STATES FIDELITY AND GUARANTY INS. COMPANY and Terry Wisler.
No. 88-CA-0241.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Cynthia H. Davidson, New Orleans, for appellant.
Peter A. Feringa, Jr., John F. Olinde, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for appellee.
Before GARRISON, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
Appellant, Stella H. Melton, appeals the trial court's ruling which maintained United States Fidelity and Guaranty Insurance Company's (hereinafter USF & G) exception of prescription.
On November 2, 1984, Stella Melton was a guest passenger in a pick up truck driven by her husband. A vehicle, driven by Earl Schmitt, owned by Schmitt Brothers Scenic Artists and insured by USF & G, struck the Melton truck after Schmitt failed to stop at a stop sign in St. Bernard Parish. USF & G was notified of the accident on November 6, 1984. Adjuster Terry Wisler handled the matter. On January 25, 1985 and again on August 28, 1985, USF & G paid Stella Melton two payments for medical *1141 bills in the amounts of $145.00 and $244.24, respectively. According to Stella Melton, Wisler informed her in a telephone conversation that USF & G did not pay medical bills until the claim was settled. Wisler told Melton to use her private insurance "and when we make a settlement, it will be taken care of." Wisler never offered to make a settlement while Melton's medical treatment was ongoing. Instead she informed Melton that when her treatment had ended, they would talk about a settlement. However, the two medical payments referred to above were paid by USF & G. On March 3, 1986, Melton called Wisler to inform her that Melton was still seeing a doctor and Wisler informed her that her claim had prescribed; i.e. more than one year had elapsed from the date of the accident. Subsequently, Stella Melton hired an attorney who filed the instant action on March 17, 1986.
Louisiana Civil Code Article 3464 (former Article 3520) provides that "prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." In Flowers v. United States Fidelity and Guaranty Co., 381 So.2d 378 (La.1979), the Louisiana Supreme Court discussed the provisions of C.C. Art. 3520 (now Article 3464). That court stated:
"... acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances." Id. at 382 (Citations omitted)
See, also: First National Bank of Jefferson Parish v. Boudreaux, 511 So.2d 826 (La.App. 5th Cir.1987) writ den. 514 So.2d 128 (La.1987); Wallace v. State Farm Mutual Automobile Insurance Company, 509, So.2d 466 (La.App. 3rd. Cir.1987) writ den. 510 So.2d 377 (La.1987); Richardson v. Louisiana Farm Bureau, et al, 393 So.2d 200 (La.App. 1st Cir.1980) writ den. 398 So.2d 529 (La.1981).
Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment of the debtor. Flowers, supra at 382; Wallace, supra at 469. The burden is on the plaintiff to show an interruption of prescription. Id.
In Flowers, supra, the defendant-insurer tacitly acknowledged the obligation to pay the wife's medical expenses by partial payment to the husband, then head and master of the community. The Court held that this payment sufficiently interrupted prescription as to the claim for medical expenses, but not for the personal injuries of the wife. However, since Flowers the law of matrimonial regimes has been revised allowing a married woman to recover on her own behalf all of the elements of her damage claim. Odessa House v. Goss, 453 So.2d 299, 304 (La.App. 3rd Cir.1984).
Although Flowers rejected the personal injury claim of the wife because there was no payment to her to interrupt prescription, it did allow recovery by the husband for the wife's medical expenses. Applying this same rationale to the instant case we find that because the defendant-insurer made two payments directly to Stella Melton for medical expenses, they constituted a tacit acknowledgment of the debt sufficient to interrupt the running of prescription for all claims arising out of the accident.
USF & G argues that the payments made to Melton were a humanitarian gesture made to better analyze the claim for settlement purposes, and thus should not be used as an acknowledgment of the claim. In support thereof they cite the doctrinal writings of Baudry-Lacantinerie and Tissier. While we agree with this argument in principle, we do not find the actions of USF & G humanitarian. By their own admission, the payments were made for their own benefit, as well as Stella Melton. USF & G sought the medical evaluation to "be better able to analyze the claim." We reject this argument.
Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.