KNOLL, Judge.
Sharon Augustine appeals the dismissal of her tort action against the City of Natchitoches (City) and one of its policemen, Mike Durr, on a peremptory exception of prescription.[1]
On December 2, 1987, Augustine was involved in an automobile accident in the City with Paul Derbonne and the driver of another vehicle. On November 30, 1988, Augustine filed a tort action against “Karl Deronne” and service of process was unsuccessfully attempted at 831 Dixie Street. The defendant’s correct name and address were Paul Derbonne, 836 Dixie Street in Natchitoches. Also named as a defendant was Louisiana Auto Insurance Company (Louisiana Auto), the company listed on the accident report as “Karl Derronne’s” automobile insurer.
On January 20, 1989, almost fourteen months after the accident, Augustine filed a motion to supplement and amend the original petition naming “Paul Derboine” in place of “Karl Derronne” and requested service of process at 836 Dixie Street. Although the record does not contain the Sheriff’s returns for service of process on any of the pleadings, the trial court recited the pertinent dates during the hearing on the peremptory exception of prescription, and no party has contended that the trial court’s recitations were incorrect.
*705 On March 3, 1989, Augustine filed a second amending and supplementing petition, substituting Allstate Insurance Company, Inc. (Allstate) in place of Louisiana Auto. On March 21, 1989, Allstate received service of process, and responded by filing a peremptory exception of prescription, alleging that Augustine’s cause of action prescribed on December 2, 1988. Augustine then amended her petition again on July 10, 1989, naming Paul Derbonne and Allstate as defendants.
The amending petition of March 21, 1989, also named as defendants Mike Durr, the Natchitoches City police officer who completed the accident report, the Natchitoches Police Department, and the City. The theories of recovery against these three defendants were: 1) failing to put the proper insurance company of Paul Derbonne on the accident report; 2) failing to properly ascertain the correct liability insurance carrier of Paul Derbonne while investigating the accident; 3) providing petitioner with an illegible copy of the accident report; and, 4) preparing an illegible accident report.
On August 2, 1989, the City and Mike Durr filed an exception of prescription, alleging that Augustine’s suit was not filed within one year of the alleged tortious conduct, December 2, 1987. That same day, the Natchitoches Police Department filed a declinatory exception of insufficiency of service of process, and peremptory exceptions of no right of action and no cause of action.[2]
At the hearings on the peremptory exceptions, the record shows that only the attorneys representing Augustine, the City, and Mike Durr appeared. In the trial court’s written reasons for judgment, it held that Mike Durr and the City were not served and brought into the suit within the one year prescriptive period. The trial court also noted that there were no allegations of fraud or misrepresentation and that the basis for the delay in timely filing suit was directly attributable to Augustine.
In her appeal, Augustine limits her argument to the single assertion that Mike Durr negligently listed Louisiana Auto as Paul Derbonne’s liability insurer, and that she did not learn of this error until sometime after she sued Paul Derbonne and Louisiana Auto. Accordingly, she contends that the prescriptive period on her tort claim against Durr and the City did not commence on December 2,1987, the date of her accident.[3]
Delictual actions are subject to a liberative prescription of one year which commences to run from the day injury or damages is sustained. LSA-C.C. Art. 3492. Jurisprudence has interpreted this rule to mean that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Lott v. Haley, 370 So.2d 521 (La.1979). When it is not obvious from the face of the petition, the burden of proving a tort action has prescribed rests upon the defendant or party pleading prescription. Intracoastal Seafood Co., Inc. v. Scott, 556 So.2d 974 (La.App. 3rd Cir.1990). Once it is proved that more than one year has elapsed between the time the tort occurred and the filing of suit, however, the burden shifts to the plaintiff to prove an interruption or suspension of prescription. Dixon v. Houck, 466 So.2d 57 (La.App. 2nd Cir.1985).
Furthermore, in Intracoastal Seafood Co., Inc., supra, at 976, 977, we stated:
“One of the defenses available to a plaintiff who files suit tardily is the discovery rule which suspends the running of prescription during the period in which his cause of action was not known or reasonably knowable to him. Strata [v. Patin, 545 So.2d 1180], supra [ (La.App. 4th Cir. *706 1989)]. In that instance, the rule provides that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his own neglect. Griffin v. Kinberger, 507 So.2d 821 (La.1987). This does not mean that a lack of actual notice of a cause of action will suspend prescription, as constructive notice is sufficient to commence the running of prescription. Id., at 828. Constructive knowledge or notice sufficient to commence the running of prescription, however, requires more than a mere apprehension that something might be wrong. Prescription will commence only when plaintiff knew or should have known by exercising reasonable diligence that tortious conduct occurred and that certain parties are responsible. In Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285, 287 (1970), the Supreme Court stated:
‘Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription.’ (Footnote omitted.)”
At the hearing on the exceptions, Augustine introduced into evidence the depositional testimony of Paul Derbonne, Mike Durr, Larke Aaron, and Michael Re-gan.
Paul Derbonne testified that he provided the investigating officer with proof of insurance at the accident scene. Derbonne had no idea of the name of his insurer, but rather relied on his insurance agent to secure the proper insurance. Derbonne further testified that he has lived at 836 Dixie Street for the past thirty years, that his name is listed in the local telephone directory, and that, several days after the accident, Augustine’s husband telephoned to assure him that Augustine was not injured in the automobile accident. Lastly, Der-bonne testified that he did not know of Augustine’s lawsuit until he was personally served on February 2, 1989.
Mike Durr testified that he had no recollection of the accident and that he simply wrote the name of the insurance company named on the proof of insurance card onto the accident report. He stated that his job duties did not include photocopying accident reports.
Larke Aaron, the office manager at Gates Insurance Agency, Derbonne’s insurance agent, testified that Derbonne was insured with Allstate at the time of the automobile accident.
Finally, Michael Regan, a claims representative for Allstate, testified that his office first received notice on December 8, 1987, that Augustine was making a bodily injury claim. On that date, Ray Moreau, another claims representative for Allstate, indicated in the claims diary that he made a telephone contact with Augustine. In that telephone conversation, Moreau noted Augustine’s description of the accident as well as her injuries, and the fact that she was under a doctor’s care. The diary further noted that Augustine wanted her automobile repaired at Wayne’s Body Shop at an estimated cost of $5,106.16. The file also reflected that on December 9, Allstate received an authorization to obtain Augustine’s medical and wage information. Pursuant thereto, Allstate’s file contains various medical reports dated December 2 and 18, 1987. Finally, Allstate’s file showed that a draft in the amount of $7,318.45 was issued by it on December 21, 1987, to Ronald Augustine, Augustine’s husband. Re-gan stated that the settlement check was never negotiated.
In the present case, Augustine does not specify in her petition for damages when she learned of the erroneous designation of Louisiana Auto as Derbonne’s insurance carrier. Instead, she simply contends that such information did not come to her until after she filed her lawsuit on November 30, 1988, three days shy of the one year prescriptive period. We disagree, finding that the depositional testimony of Michael Re-gan belies her contentions.
*707 Regan’s testimony establishes clearly that Augustine learned between December 8, 1987, and December '21, 1987, of Allstate’s involvement in the case. During that time, she discussed her injuries, provided a medical release, and made demand for payment of her property damage and bodily injury claims. Pursuant thereto, Allstate forwarded its draft to Augustine’s husband which identified Allstate as the insurer and Paul H. Derbonne as the insured. Moreover, Augustine admits in brief that the Allstate check was tendered to her and expressly rejected. Accordingly, we find that Augustine had constructive knowledge of the proper identity of Der-bonne’s insurer at least by December 21, 1987.
On these facts, we find that the prescriptive period for any claim Augustine may have had against Mike Durr and the City commenced no later than December 21, 1987, and Augustine’s amended petition filed on March 3, 1989, was clearly prescribed. Therefore, we conclude that the trial court’s dismissal of Augustine’s claim against Mike Durr and the City of Natchi-toches on the peremptory exception of prescription is well supported by the record.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Augustine.
AFFIRMED.

. In Augustine’s brief, she also contends that the trial court erred in granting the peremptory exception of prescription filed by Paul Der-bonne, the alleged tortfeasor, and his insurer, Allstate Insurance Company. We find that the validity of Derbonne and Allstate's peremptory exception of prescription is not properly before us and is still pending before the lower court. Although the trial court's written reasons for judgment give reasons for sustaining the exception of prescription of Derbonne and Allstate, the trial court’s judgment of January 17, 1990, which forms the basis of this appeal, reads:
"... the exception of prescription filed on behalf of the CITY OF NATCHITOCHES and OFFICER MIKE DURR be, and it is hereby maintained, and all claims and causes of action asserted herein on behalf of SHARON AUGUSTINE against the CITY OF NATCHI-TOCHES and OFFICER MIKE DURR be, and they are dismissed, with prejudice, and at plaintiffs cost.”
Accordingly, the final judgment rendered in this case only addresses Sharon Augustine’s tort action against the City of Natchitoches and Officer Mike Durr. Therefore we cannot entertain Augustine’s argument that the trial court improperly found her action against Derbonne and Allstate prescribed since no judgment has been rendered against those particular defendants.

. The record does not show that the exceptions filed by the Natchitoches Police Department have been ruled upon. Nevertheless, the Natch-itoches Police Department is not a party to this appeal.

. Augustine has not argued in brief anything about the negligence of the City of Natchitoches in photocopying the accident report which was provided to her. She likewise has not argued that Durr and the City of Natchitoches were solidarily liable with Derbonne and Allstate.