631 So.2d 471 (1994)
Joyce Washington MARTINEZ
v.
BREAUX MART, INC., et al. (Two Cases).
Nos. 93-C-2257, 93-C-2497.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1994.
*472 Bruce S. Johnston, Law Office of Bruce S. Johnston, New Orleans, for Breaux Mart, Inc. and Valley Forge Ins. Co.
Robert I. Baudouin, Boggs, Loehn & Rodrigue, New Orleans, for Edwards Equipment Sales, Inc.
Robert A. Preston, Jr., New Orleans, for Joyce Martinez.
Before SCHOTT, C.J., and KLEES and LANDRIEU, JJ.
SCHOTT, Chief Judge.
This is before the court on a writ of certiorari granted on the application of Edwards Equipment Sales (Edwards) to review a judgment referring relator's exception of prescription to the merits. After issuance of the writ, an application for supervisory writs was filed by Edwards' co-defendants Breaux Mart, Inc. (Breaux) and Valley Forge Insurance Company seeking a review of the same judgment. We grant the later application and consolidate it with the first.
On April 16, 1990, Joyce Washington Martinez, respondent, filed suit in tort against Breaux and its insurer, alleging that on July 8, 1988, while she was shopping at Breaux's grocery store a shopping cart caused an injury to her hand. On June 7, 1990, Breaux and its insurer, Valley Forge, filed an exception of prescription. On February 11, 1992, respondent filed a supplemental and amending petition naming Edwards as a defendant alleging it was the manufacturer of the shopping cart and that the cart was unreasonably dangerous. On April 28, 1993, Edwards filed an answer to the petition and on July 8th it filed an exception of prescription identical to the one filed by Breaux and its insurer and not yet tried by the court.
On September 24, 1993, a hearing on the exceptions filed by Breaux and Edwards was held by the trial court and on September 30th the court rendered judgment referring the exceptions of prescription to the merits. Edwards, Breaux, and Valley Forge filed applications for supervisory writs with respect to this judgment which this court granted.
At the outset we question the trial court's referral of the exceptions to the merits in this case. Since the exception was pleaded by Breaux Mart and its insurer before answer, it should have been tried and decided by the trial court and not referred to the merits. LSA-C.C.P. art. 929. Comment (b) to this article refers to some early Supreme Court decisions which recognized the discretion of the trial judge to refer an exception to the merits rather than to dispose of it prior to trial, but this comment must be considered in the light of the more recent Supreme Court decision in Herlitz Construction Company v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) which recognized with approval this court's decision in Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
In the Mangin case, this court granted certiorari to consider a judgment overruling an exception of prescription, reversed the judgment, and dismissed plaintiffs suit:
... because our correcting the judgment at this stage would avoid the useless expenditure of time and effort by the attorneys, the judge, and the court personnel and of money by the litigants. Clearly, the time and expense of a trial on the merits will be wasted, if the ultimate decision will be based on the exception of prescription, which at this stage of the proceedings has been tried on its undisputed facts and seems on its face to be meritorious.
In the Herlitz case, the Supreme Court ordered the court of appeal to decide the merits of an application regarding the trial court's overruling of an exception of no cause *473 of action. On a number of occasions the Supreme Court has reversed this court's denial of writ applications and ordered this court to consider judgments overruling exceptions including those of prescription.
In the present case respondent's claim has apparently prescribed on the face of her petition. However, in opposition to the exceptions she filed an affidavit as follows:
On or about July 18, 1988 I was shopping in the Breaux Mart Grocery Store on General Meyer. As I was attempting to remove a shopping buggy the basket fell onto both of my hands sustaining the injury complained of herein. An accident report was filed out at the scene.
I was contacted by an insurance adjuster, Joel Waller; he called me at my home shortly after the accident. He took a recorded statement from me. My claim was referred to Glenda Rico. She made an appointment for me to see Dr. Rauchwerk.
I have seen several different doctors. I subsequently had surgery on both hands. I need further surgery on my right hand. I had been dealing with Glenda Rico since shortly after the accident. Mrs. Rico told me to send all my bills to her and she would handle it. She led me to believe she was going to settle my claim with me. On August 11, 1989, over a month after the prescriptive date, Glenda Rico sent me a letter requesting that I forward her all my medical bills. I did so.
On or about January 31, 1990 I called Glenda Rica, because I had not heard from her since August. I spoke with Courtney D. Scott who told me to get an attorney. I next received a letter and check from Warren Core dated, January 31, 1990. This was the first time that I was told I would not be paid the full amount of my claim.
The letter of August 11, 1989, referred to in her affidavit from Breaux's insurer to her states:
No response has been received with regards to the status of your medical condition. Please advise if you are still being treated for the alleged injuries.
Please contact us as soon as possible so that we can discuss this matter.
The letter of January 31, 1990, contains the following:
This letter will serve to verify our position with reference to your claim.
We will provide you with copies of the medical bills which we have already paid on your claim, and forward an additional $236.99 which is the balance owed to you under the Medical Payments provision of our policy of insurance. No further payments will be made.
We regret that the conclusion of this claim has not been more satisfactory to you, but we have made our decision clearly in line with ethicsthe policy contractand the law.
Respondent concedes that she had the burden of proof to overcome the exceptions in this case, but she argues that she carried her burden with her affidavit and attachments in the light of Lima v. Schmidt, 595 So.2d 624 (La.1992), Flowers v. U.S.F. & G., 381 So.2d 378 (La.1980) and Melton v. U.S.F. & G., 531 So.2d 1140 (La.App. 4th Cir.1988).
These cases all dealt with the question of whether prescription was interrupted by acknowledgement of the debtor. While Lima is instructive, the case is distinguishable because its facts so clearly supported the conclusion that the defendant acknowledged his debt. In Melton, this court held that because the defendant-insurer made two payments directly to the plaintiff for medical payments, they constituted a tacit acknowledgement of the debt sufficient to interrupt the running of prescription for all claims arising out of the accident.
In the present case the only indication of payments by Valley Forge is in the letter of January 31, 1990, in which reference is made to medical bills already paid. However, the letter refers to the "Medical Payments" provision of Valley Forge's policy as the reason for payment. If Valley Forge's policy required payment under a medical payments portion of the policy, such payments would not necessarily constitute an acknowledgement of liability in tort. The difficulty for us *474 is created by the lack of evidence taken in the trial court. The policy is not in evidence; there is no explanation for the cryptic reference to payments of medical expenses in the past and no indication of when they were made. No witnesses testified. We have no elaboration of the facts and circumstances surrounding what respondent refers to in her affidavit as her dealing with Glenda Rico and how or why Rico led her to believe she was going to settle the claim.
In the Flowers case, the principal authority relied upon by this court in Melton, the court restated the principle that an acknowledgement sufficient to interrupt prescription may be verbal or in writing, by partial payment, or in other ways; it may be implicit or it may be inferred from the facts and circumstances.
In the present case we do not have a sufficient record to determine the facts and circumstances so as to decide whether there was an acknowledgement by Breaux and/or Valley Forge to interrupt prescription. This is so because the exception was not properly and completely tried. The trial court erred in failing to conduct such a trial of the exceptions and in failing to decide them in advance of the trial of the case.
Accordingly, the judgment of the trial court referring the exceptions of prescription to the merits is vacated and set aside and the case is remanded for further proceedings consistent with the views expressed herein.

VACATED AND REMANDED.