|!LANDRIEU, Judge.
In this accountant malpractice case, plaintiffs filed suit in October 1990 alleging that the relators negligently advised them to invest in a tax shelter in December 1982. Based on La.Rev.Stat.Ann. 9:5604 and 9:5605 which requires that an action for professional accountant liability be brought within one year of the date of discovery or, in all events, within three years from the date of the alleged act of negligence, relators filed a peremptory exception of prescription. In response, the plaintiff filed supplemental and amending petitions alleging that the tort was a continuing one based on the continuous professional relationship which existed between the parties until December 1989. Al *938 ternatively, the plaintiffs alleged that the doctrine of contra non valentem was applicable.
Relators filed an answer reiterating its defense of liberative prescription and moved to fix the exception of prescription for trial. The trial court denied the motion. In his reasons for judgment, the judge stated that he denied the motion because “the evidence on prescription was so intertwined with the evidence on the merits” and “based on the ^representation of plaintiffs’ counsel that a separate hearing on prescription will take three days of the same testimony, which will be given on the merits.”
Relators, on application for supervisory writs, seek a reversal of the trial court’s judgment. Relators contend that in accordance with Martinez v. Breaux Mart, Inc., 93-2257 (La.App. 4th Cir. 1/13/94), 631 So.2d 471, and La.Code Civ.Proc.Ann. art. 929 (West Supp.1994), the trial court is required to try the exception on the merits prior to the trial on the merits whenever the exception is filed prior to the answer. We disagree.
In Martinez, two of the three defendants filed an exception of prescription only and the claim had apparently prescribed on the face of the petition. Thus, in accordance with La.Code art. 929 (West Supp.1994) art. 929[1] and in light of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981)[2], this Court vacated the judgment of the trial court and remanded for a trial of the exceptions. However, the intent of that decision was not, as relator suggests, to eliminate the trial court’s discretion[3] in referring an exception of prescription |3to the trial on the merits in appropriate cases. Rather, Martinez found that the trial court erred in doing so under those circumstances where an answer had not been filed and where the claim of prescription apparently would prevail, thus ending the litigation.
This case is easily distinguishable. Here the relator filed the exception before answer but then filed an answer before the exception was heard and decided. At first reading Article 929 appears to preclude judicial discretion in referring an exception filed before answer to the trial on the merits, but a closer reading suggests otherwise. Under the codal articles, a defendant is not required to file an answer until ten days after an exception is overruled or (with defendants’ concurrence) referred to the merits. See La.Code Civ.Proc.Ann. 1001 (West 1984). Accordingly, when a defendant files only an exception and does not file an answer, issue is not joined and the trial court must decide-the exception in advance of trial on the merits. Read in context, the phrase “when pleaded before answer” means “when pleaded in lieu of answer.” (emphasis added). To state it another way, Article 929(A) does not contemplate the situation in which an answer is filed or the defendant acquiesces in the referral of the exception to the trial on the *939 merits. It mandates a hearing on an exception in advance of trial where and only when an answer has not been filed and the defendant has not waived his entitlement. Where, however, an answer is filed after an exception, the exception may be referred to the trial on the merits. This interpretation preserves to the defendant an avenue to have his exception heard and decided before trial and gives to the trial judge the discretion to refer the exception to the merits where the defendant files an answer or otherwise acquiesces.
UKelators also argue that under La. Code Civ.Proc.Ann. art. 1425 (West 1984), the trial court erred in granting the plaintiffs motion to compel them to disclose the names of non-testifying experts. That article, however, prohibits only the discovery of facts known by non-testifying experts. Accordingly, the trial court did not err in its determination that the plaintiffs can discover the names of non-testifying experts. See State Dept. of Transp. & Develop. v. Stumpf 458 So.2d 448, 452 (La.1984); Weidenbacher v. St. Paul Fire & Marine Ins., 347 So.2d 1160, 1161 (La.1977).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. La.Code Civ.Proc.Ann. art. 929(A) (West Supp. 1994) provides that "[t]he declinatory exception, the dilatory exception, and the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.” See also La.Code Civ.Proc.Ann. art. 1001 (West 1984) which provides in part that "[w]hen an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.”

. In Herlitz, the Louisiana Supreme Court stated that the general policy of the appellate courts to not exercise supervisory jurisdiction in cases in which peremptory exceptions are overruled should not be applied mechanically. “When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.” Herlitz, 396 So.2d at 878 (citation omitted).

.See La.Code Civ.Proc.Ann. art. 929 (West 1984), Comment (b) ("The rules enunciated in the above article do not interfere in any way with the trial judge's discretion [to refer the exception to the merits rather than attempt to dispose of it prior to the trial of the case]. They merely prevent the defendant's using dilatory tactics in filing the exception after answer and then insisting upon the trial of the exception in an effort to delay the trial of the case on its merits.”)