662 So.2d 853 (1995)
Leon WRIGHT, Plaintiff-Appellant,
v.
LOUISIANA-PACIFIC CORPORATION and XYZ-Employee, Defendant-Appellee.
No. 27544-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1995.
*854 Kirby D. Kelly, Shreveport, for Appellant.
Walker, Passman & Michiels by H. Gregory Walker, Jr., Alexandria, for Appellee.
Before MARVIN and SEXTON, JJ., and SAVOIE, J., Pro Tem.
MARVIN, Chief Judge.
In this tort action arising out of a workplace fight between two employees of Louisiana-Pacific Corporation (LPC), the plaintiff, Leon Wright, appeals a judgment sustaining LPC's exception of prescription and dismissing the action against LPC. CC Arts. 2315, 2320; LRS 23:1032(B).
We affirm in part, reverse in part and remand.

DISCUSSION
Wright brought his tort action against his co-employee and employer on August 2, 1994, more than one year after he was cut with a box cutter in the July 29, 1993, fight, but within a year of LPC's termination of Wright *855 for his involvement in the fight (August 2, 1993), and of LPC's payment, at some unspecified time after his termination, of Wright's medical expenses for treatment of the injuries he sustained in the fight.
Wright argues, as he did in the trial court, that the one-year prescription applicable to tort claims under CC Art. 3492 began to run on or after August 2, 1993, rather than on July 29, the date of the fight.
Invoking the doctrine of contra non valentem as a basis for delaying the commencement of prescription, Wright contends he did not know he could bring a tort claim against his employer until the date he was fired, at the earliest, and perhaps until he consulted a lawyer within a month after he was fired.
As an alternative basis for claiming that the action against LPC was brought timely, Wright construes LPC's payment of his medical expenses after August 2, 1993, as a tacit acknowledgment of its vicarious liability for his injuries, which interrupted prescription and allowed Wright to bring the action within one year of the last payment. CC Arts. 3464, 3466. Wright's attempt to elicit testimony as to whether LPC paid his medical expenses under its statutory worker's compensation obligation, on the one hand, or as an element of its derivative tort liability, on the other, was thwarted when the trial court sustained LPC's objection that the reason or basis for the payment was immaterial to the prescription issue.
Because the record supports the trial court's conclusion that contra non valentem does not avail Wright, we affirm the judgment in that respect. With respect to the tacit acknowledgment issue, however, we must conclude that the trial court erred in sustaining LPC's objection to evidence as to why it paid Wright's medical expenses. The reason for payment is material to the determination whether LPC's payment was a tacit acknowledgment sufficient to interrupt the liberative prescription of its alleged vicarious tort liability for Wright's injuries. We reverse the judgment in that respect and remand. At this juncture the record contains no evidence to allow resolution of this particular issue. See and compare Martinez v. Breaux Mart, Inc., 93-2257, 93-2497 (La. App. 4th Cir. 1/13/94), 631 So.2d 471.

CONTRA NON VALENTEM
Wright was taken by ambulance to the hospital immediately after the co-worker with whom he was arguing cut him with a box cutter. When the fight ended, Wright knew when, how, by whom and in what way he had been injured, giving him sufficient facts to assert a cause of action in tort against the co-worker under CC Art. 2315, and against LPC for its derivative liability as the co-worker's employer under CC Art. 2320 and the intentional act exception to worker's compensation exclusivity. LRS 23:1032(B), as construed in Barto v. Franchise Enterprises, Inc., 588 So.2d 1353, 1355 (La.App.2d Cir.1991), writ denied.
In legal terms, Wright knew, on the date of the fight, that he had suffered actual, visible and appreciable bodily injury damage from the intentional tortious conduct of his co-worker, for which he claims LPC is vicariously liable. Neither LPC's termination of Wright's employment a few days later, nor Wright's subsequent consultation with a lawyer about "the grounds on which they told me I was terminated," is material to the derivative tort claim, which is subject to the one-year prescription commencing on the date of the fight. CC Art. 3492. See and compare Harvey v. Dixie Graphics, Inc., 593 So.2d 351 (La.1992); McClelland v. Jarrell's, Inc., 493 So.2d 762 (La.App.2d Cir.1986), writ denied; and Gulf States Land & Dev. v. Ouachita Nat. Bank, 612 So.2d 1031 (La. App.2d Cir.1993), writ denied.
This conclusion does not, however, resolve whether the one-year prescription was interrupted by LPC's payment of Wright's medical bills.

INTERRUPTION BY TACIT ACKNOWLEDGMENT
When a debtor acknowledges or admits liability to the creditor on a particular debt or obligation before prescription accrues, the prescriptive period is interrupted and is deemed to run anew from the date of the last acknowledgment. CC Arts. 3464, *856 3466; Lima v. Schmidt, 595 So.2d 624 (La. 1992); Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980). The debtor may tacitly and informally acknowledge a debt before it prescribes, as by unconditionally paying or offering to pay a portion of the debt. When the payment is conditional, however, or when the debtor simply recognizes or offers to settle a disputed claim without admitting liability, the debt will not be deemed acknowledged and will prescribe without the effect of Art. 3464 interruption. Lima, supra, at 632-634. Unless the acknowledgment affects a mineral servitude, it need not be coupled with "a clear declaration of intent to interrupt prescription," as the case law formerly required. Lima, supra, at 633.
Legal interruption of prescription generally does not transfer from one obligation or action to another. Flowers, supra, at 383; Touchet v. State Farm Fire & Cas. Co., 542 So.2d 1142 (La.App. 3d Cir.1989), writ denied. When an injured plaintiff has more than one avenue of legal recourse against the defendant, one of which requires proof of fault to establish liability and the other of which does not, the defendant's payment of a portion of the debt under its "no-fault" obligation to pay is not considered an acknowledgment of fault-based liability. See, for example, Touchet, supra; and Farley v. Pat Todd Oil Co., Inc., 544 So.2d 754 (La. App. 3d Cir.1989), writ denied, as clarified in Landor v. Allstate Ins. Co., 571 So.2d 843, 847 (La.App. 3d Cir.1990), writ denied. In these cases, the defendant-insurer's payment of the plaintiff's medical expenses under its "medical payments" coverage, without regard to fault, did not have the effect of acknowledging fault-based liability for the same injuries. See also Martinez v. Breaux Mart, Inc., cited supra, No. 93-2257, at pp. 4-5; 631 So.2d at 473-474:
[T]he only indication of payments by Valley Forge [Breaux Mart's insurer] is in the letter ... reference ... to medical bills already paid. However, the letter refers to the "Medical Payments" provision of Valley Forge's policy as the reason for payment. If [the] policy required payment under a medical payments [provision], such payments would not necessarily constitute an acknowledgement of liability in tort. The difficulty for us is created by the lack of evidence taken in the trial court. The policy is not in evidence; there is no explanation for the cryptic reference to payments of medical expenses in the past and no indication of when they were made. No witnesses testified....
[W]e do not have a sufficient record to determine the facts and circumstances so as to decide whether there was an acknowledgement by Breaux [Mart] and/or Valley Forge to interrupt prescription....
(Our emphasis and brackets.)

CONCLUSION
At the hearing on LPC's prescription exception, LPC's witness testified that LPC is self-insured for both worker's compensation and general liability. Wright's lawyer then asked the witness, "Were medicals paid because [LPC] felt [it] had an obligation to pay those medicals?" LPC's attorney objected:
That's based on a legal conclusion. They were paid under the Worker's Compensation Act. That's immaterial as to why they were paid.
The trial court agreed, sustaining the objection and ultimately LPC's exception, on findings that "the evidence ... of payments of medical expenses to the plaintiff by a statutory insurer is not sufficient" to interrupt prescription.
To the extent that Wright may be deemed to have been injured "by accident arising out of and in the course of his employment," LPC may, of course, be regarded as his statutory or "no-fault" insurer for the payment of his medical expenses. LRS 23:1031(A), 1203. In light of the statutory exclusion of worker's compensation coverage for injuries arising from horseplay or from a dispute with another employee over matters unrelated to the employment, however, it is not a foregone conclusion that LPC was obligated to pay Wright's medical expenses under the worker's compensation law. § 1031(C), (D).
*857 This record does not disclose the nature of the dispute that gave rise to Wright's injuries. The statement that LPC paid Wright's medical expenses as part of its worker's compensation obligation comes only in the context of the objection by LPC's attorney to the question being asked of LPC's witness about the reason for payment. The attorney's remarks do not constitute evidence.
Ordinarily, an employee's sole recourse against his employer for injuries sustained at work is for worker's compensation benefits. § 1032(A). Here, however, Wright has alleged that he was injured by the intentional acts of his co-worker, affording him an alternative, or perhaps an additional, avenue of potential recovery against his employer, based on its vicarious tort liability for the intentional harm. CC Art. 2320; LRS 23:1032(B); Barto v. Franchise Enterprises, supra.
The record in its present state allows neither the factual conclusion that LPC paid Wright's medical expenses under its "no-fault" worker's compensation obligation, nor the legal conclusion that prescription of Wright's fault-based derivative tort claim against LPC was not interrupted by LPC's payment of Wright's medical bills. We shall remand the matter to the trial court for the taking of additional evidence on the issue of interruption by tacit acknowledgment. See and compare Martinez v. Breaux Mart, cited supra.

DECREE
The judgment sustaining LPC's exception of prescription is affirmed insofar as it relates to the contention that prescription was interrupted under the doctrine of contra non valentem. The judgment is reversed in part and remanded for further evidence on the claim of interruption by tacit acknowledgment.
At the hearing on remand, the trial court is instructed to expressly address Wright's request for leave to amend his petition to allege a wrongful discharge claim against LPC in the event the court finds that prescription on the derivative tort claim against LPC was not interrupted by payments constituting an acknowledgment of liability. CCP Art. 934.
Costs of the appeal are to be assessed by the trial court in its judgment after remand.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.