h SAUNDERS, Judge.
More than one year following her automobile accident of June 18, 1993, plaintiff, Wanda Thibodeaux Veillion, filed suit on February 17, 1995, individually and as natural tutrix of her minor daughter, Christina “Hope” Thibodeaux, seeking damages on behalf of her daughter and reimbursement of medical expenses she, the mother, had paid. The trial court sustained defendants’ exception of prescription and dismissed her and her minor daughter’s suit with prejudice. Plaintiffs appeal. We affirm. Payments made under the med-pay portion of State Farm Mutual Automobile Insurance Company’s policy did not interrupt the tolling of the minor plaintiffs suit for general damages.
^The instant dispute is delictual in nature; therefore, the liberative prescriptive period of one year governs. La.Civ.Code art. 3492. The accident occurred June 18, 1993, more than one year before suit was filed on February 17,1995, and the tolling of prescription is apparent from the face of the petition; therefore, the burden is on the plaintiffs to establish suspension, interruption, or renunciation to save her and her minor daughter’s claims from extinction. See Doe v. Roman Catholic Church, 94-1476 (La.App. 3 Cir. 5/3/95); 656 So.2d 5, unit denied, 95-2076 (La.11/13/95); 662 So.2d 478; Augustine v. Derronne, 590 So.2d 703 (La.App. 3 Cir.1991).
The record discloses that there remain no outstanding medical expenses, as the mother has already been reimbursed. Therefore, ultimately the question is whether State Farm’s payments to the mother under its med-pay policy for her minor daughter’s medical expenses constituted a “tacit acknowledgment of the debt sufficient to interrupt the running of prescription for all claims arising out of the accident,” Melton v. United States Fidelity and Guaranty Ins. Co., 531 So.2d 1140, 1141 (La.App. 4 Cir.1988), including the minor’s claims for general damages against Gary Fontenot, father of Mark B. Fontenot, the minor driver of the car in which she was traveling as a passenger, and their insurer, State Farm.
According to La.Civ.Code art. 3464, “[pjrescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways, and it may be implicit or inferred from the facts and circumstances. Flowers v. United States Fidelity and Guar. Co., 381 So.2d 378 (La.1979); Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3 Cir.1990), writ denied, 575 So.2d 375 (La.1991); Williams v. American Family Mut. Ins. Co., 520 So.2d 1082 (La.App. 3 Cir.1987).
13Under the circumstances of this case, we conclude that State Farm’s payments under the med-pay provisions of the policy it sold Hope’s host driver did not interrupt the tolling of prescription. We view as critical to this conclusion the undisputed facts that plaintiff explicitly stated that she sought only reimbursement of her medical expenses until after her claim had prescribed; that, apart from plaintiff’s receipt of a medical reimbursement check, the parties had engaged in no direct communications of any kind during the year preceding her suit’s filing; and the absence of any substantive allegation that the insurer had acted unfairly.
As a general rule, an insurer’s payment under the med-pay provisions of its policy — payments that are “due irrespective of defendant’s liability in tort,” Farley v. Pat Todd Oil Co., Inc., 548 So.2d 1230, 1230 (La.1989) (Lemmon, J., concurring in denial of writ), — does not “interrupt the course of prescription tolling against her tort claim.” Landor, 571 So.2d at 847. In accord, Martinez v. Breaux Mart, Inc., 93-2257, 93-2497 (La.App. 4 Cir. 1/13/94); 631 So.2d 471; Touchet v. State Farm Fire & Cos. Co., 542 *641 So.2d 1142 (La.App. 3 Cir.), writ denied, 546 So.2d 1214 (La.1989).
In this case, there is no evidence to suggest that the insurer’s claims adjuster acted unfairly; to the contrary, the evidence discloses that State Farm agreed to pay, and did pay, all of the medical bills incurred by plaintiffs. Nor is there any evidence to suggest that payments made by the insurer exceeded the limits of its med-pay policy. Cf. Keller v. National Union Fire Ins. Co., 617 So.2d 893 (La.1993). Consequently, we affirm the judgment of the trial court.
The authority cited by plaintiffs is distinguishable. Among the cases cited by the mother in support of her argument that prescription as to her daughter’s claim for personal injuries was interrupted by her, the mother’s, receipt of medical expenses are Melton, 531 So.2d 1140, and Landor, 571 So.2d 843. In Melton, a plaintiff filed suit against another driver’s liability insurer on March 17, 1986, approximately six and |4one-half months after the other driver’s liability insurer had paid medical bills arising from a November 2, 1984, accident. The trial court maintained the insurer’s exception of prescription on the ground that more than one year had lapsed between the accident and the suit’s filing. The court of appeal reversed: the liability insurer’s payment of medical benefits, ten months after the accident and six-and-a-half months before suit was filed, interrupted the running of prescription. Similarly, in Landor, 571 So.2d 843, a suit filed against another driver’s liability insurer one and one-half months beyond the one-year prescriptive period was saved by a property damage payment made by the liability insurer three and one-half months after the accident. The other cases cited by plaintiffs, Williams, 520 So.2d 1082, and Guice v. Mustakas, 490 So.2d 390 (La. App. 5 Cir.1986), also involving payments under liability policies, are distinguishable on the same basis. By contrast, the facts of this dispute disclose that the payments received were not issued by another driver’s liability insurer or, for that matter, under any driver’s liability policy. To the contrary, the payments received were paid by State Farm under a med-pay policy covering the vehicle in which the minor plaintiff was a passenger, and under circumstances in which her guardian explicitly expressed an interest in only reimbursement of her medical claims, and in which the insurer acted fairly.
In light of the foregoing, and because it would be unfair to penalize an insurer for doing exactly what the law requires of it— pay unconditionally plaintiffs medical bills which were covered by the med-pay provisions of the policy it sold its insured — we decline to depart from the general rule enunciated by Justice Lemmon in Farley and by our dicta in Landor and affirm the judgment of the trial court, at plaintiffs’ costs.
| ¡¡DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.
AMY, J., concurs in the result.