MADELEINE M. LANDRIEU, Judge.
liThe plaintiff, Marilyn Braud Sharp, appeals the trial court’s ruling granting the defendant’s, Louisiana Stadium Expo District (LSED), exception of prescription. For the reasons that follow, we reverse the trial court’s judgment granting the exception of prescription and remand to the trial court for further proceedings.
FACTS AND PROCEEDINGS BELOW
Ms. Sharp was allegedly injured on December 4, 2011 when she slipped and fell in the parking lot of the Louisiana Super-dome. One year later, on December 4, 2012, Ms. Sharp filed a Petition for Damages against the LSED. LSED answered the petition and filed an exception of prescription. In its exception, LSED argued that Ms. Sharp’s claim was prescribed because 2012 was a leap year. LSED contends that one year consists of 365 days, and that filing on December 4, 2012 was, therefore, a day late. After briefing and oral argument, the trial court granted the exception of prescription and entered judg *693 ment in favor of LSED, dismissing Mr. Sharp’s claim. This appeal follows.
|2DISCUSSION
In Ms. Sharp’s sole assignment of error, she asserts that the trial court erred in finding that her claim had prescribed. We agree. The facts alleged in the petition are not in dispute. The question presented on appeal is whether the trial court properly interpreted the law of prescription. As such, we conduct a de novo review. Louisiana Municipal Association v. State, 2004-0227, p. 35 (La.1/19/05), 893 So.2d 809, 836, citing Cleco Evangeline v. Louisiana Tax Com’n, 2001-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353.
Ms. Sharp’s petition asserts that she was injured due to the negligence of LSED. Thus, her petition alleges an offense under Louisiana’s law of general negligence, which is set forth in Louisiana Civil Code article 2315. Ms. Sharp’s action is, therefore, a delictual action.[1] Pursuant to Louisiana Civil Code article 3492, the prescriptive period for delictual actions is one year, which begins to run on the day the injury is sustained. The Civil Code further provides: “In computing a prescriptive period, the day that marks the commencement of prescription is not counted. Prescription accrues upon the expiration of the last day of the prescriptive period....” La C.C. art. 3454. When the prescriptive period consists of one or more years, “prescription accrues upon the expiration of the day of the last year |sthat corresponds with the date of the commencement of prescription.” La C.C. art. 3456.
The Civil Code does not define the term “year” as being 365 days, nor do the articles make a distinction for a leap year. While there is no jurisprudence directly on point, this court did consider the effect of a leap year on the applicable prescriptive period in Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978). In Mangin, the alleged accident took place on February 29, 1976. This court held that the prescriptive period ended on February 28 of the following year because that was the last day of the calendar year “that corresponds with the date of the commencement of prescription” La C.C. art. 3456. This court reasoned:
A claim prescribed by a period of months and arising on the 30th or 31st day of a month would expire on the last day of the critical month even if that month had only 28, 29 or 30 days.... This principle is applicable here by close analogy: that a one-year claim arises February 29, 1976 does not entitle the claimant to sue until “February 29, 1977” nor until one day after February 28, 1977, that is, March 1. The period is one year of the calendar, C.C. art. 3469, and between February 29, 1976 and March 1, 1977 a full calendar year of 12 full months has passed (although that calendar year’s February had only 28 days). March 1, 1977 is the first day of the second calendar year following February 28, 1976, just as March 1, 1976 was the first day of the first calendar year following February 29, 1976. Plaintiffs could have filed suit on March 1, 1976 and they are not entitled to another March 1 within the one year allowed for filing suit.
Mangin, 360 So.2d at 578.
In the instant case, prescription commenced on December 4, 2011, the date *694 of Ms. Sharp’s alleged injury. December 4 is not counted. The prescriptive period of one year accrues “upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription,” December 4, |,,2012. As December 4, 2011 is not counted, Mr. Sharp’s prescriptive period did not expire until the end of the day on December 4, 2012. LSED’s argument that the claim prescribed is without merit.[2] We find that the trial court erred by’ granting the exception of prescription.
CONCLUSION
Accordingly, for the reasons stated, the trial court’s judgment granting LSED’s exception of prescription is reversed, and the matter is remanded to the trial court for further proceedings consistent with this disposition.
REVERSED AND REMANDED.

. Revision Comment (b) to La. C.C. art 3492 states: "Article 3536(1) of the Louisiana Civil Code of 1870 speaks of liability caused by libelous statements, animals, and offenses and quasi-offenses. These are merely examples of delictual actions. This Article expresses the principle embodied in Article 3536(1) of the 1870 Code.” La. Civ.Code Ann. art. 3492.

. Analogously, as we noted in Mangin, supra, the law of prescription (La. C.C. art. 3455) refers to months, without considering the number of days in each month.