# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-524

**RUSSELL AIOLA**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20175202
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Carl J. Rachal**
**Barton W. Bernard**
**Bart Bernard Personal Injury Law Firm**
**1031 Camellia Boulevard**
**Lafayette, LA 70508**
**(337) 989-2278**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Russell Aiola**

**Kenny L. Oliver**
**David O. Way**
**Oliver & Way, L.L.C.**
**P. O. Box 82447**
**Lafayette, LA 70598-2447**
**(337) 988-3500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **State Farm Mutual Automobile Insurance Company**

**GREMILLION, Judge**.

The plaintiff-appellant, Russel Aiola, appeals the trial court's judgment finding that his claim against the defendant-appellee, his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, was prescribed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Aiola was injured following a February 4, 2015 motor vehicle accident with Howard Hughes II, whose insurer tendered policy limits of $50,000.00 to Aiola.[1] On May 14, 2015, Aiola's counsel forwarded a demand for medical payments (med-pay) to Aiola's uninsured motorist carrier (UM), State Farm. According to Aiola's brief, on July 9, 2015, Aiola's counsel sent a demand to State Farm for payment of his UM policy limits. Aiola states in his brief that counsel again sent a demand to State Farm on March 8, 2016. State Farm tendered the med-pay payment of $5,000.00 on April 4, 2016. State Farm made no other payments to Aiola.

Aiola filed suit against State Farm on September 8, 2017. State Farm filed a Peremptory Exception of Prescription. Following a March 2018 hearing, the trial court found that Aiola's claim was prescribed and dismissed Aiola's claim with prejudice. Aiola now appeals and assigns as error:

> The Trial Court committed reversible error and abused its discretion by ruling that the plaintiff's claims was prescribed, and that prescription was not interrupted by State Farm's payment of medical payments as an acknowledgement of the obligation.

## DISCUSSION

On appeal, we review a trial court's grant of a peremptory exception of prescription according to the following rules:

---

[1] The policy limit was tendered on October 6, 2016.

> An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works,* 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id.* at 830.

*McCauley v. Stubbs*, 17-933, p. 3 (La.App. 3 Cir. 4/25/18), 245 So.3d 41, 44, quoting *Allain v. Trippel B Holding, LLC,* 13-673, p.9 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1285.

Actions against UM carriers are subject to a two-year prescriptive period. La.R.S. 9:5629. That period begins "from the date of the accident in which the damage was sustained." *Id.* Aiola concedes that the burden of proof is on him to prove that the action is not prescribed, since on the face of the petition, his claims would have prescribed on February 4, 2017. *See Younger v. Marshall Indus., Inc.*, 618 So.2d 866 (La.1993). Aiola argues that prescription was interrupted when the med-pay payment was issued on April 4, 2016, because it constituted an acknowledgement of the obligation and that the prescriptive period began to run anew thereby giving him until April 4, 2018, to file suit against State Farm. Aiola argues that the jurisprudence holding that med-pay payments do not interrupt prescription is inapplicable under these facts because all of the cases involve the liability insurer rather than the UM insurer.

State Farm relies on *Titus v. IHOP Restaurant, Inc.*, 09-951, p. 9 (La. 12/1/09), 25 So.3d 761, 767, in which the Louisiana Supreme Court held that "an insurer's payment of medical claims, pursuant to the no fault medical pay coverage provision in an insurance policy, does not result in a tacit acknowledgement of all general damage claims."

2

Aiola argues:

> Once the tort claim was settled and disposed of, the claim was no longer a contractual no-fault med-pay coverage issue. The claim was now an obligation on the part of State Farm to make the plaintiff whole since the liability portion of the claim had resolved.
>
> . . . [O]nce the plaintiff settled with the tortfeasor, State Farm's obligation was now based upon the evaluation of plaintiff's claim and not based on a contractual right. Under this scenario, if State Farm felt that plaintiff had been adequately compensated by the payment made by the tortfeasor, then they had no obligation to make any medical payments or tenders under the uninsured/underinsured motorist policy. However, in the present case, State Farm made a medical payment of $5,000.00 to the plaintiff on April 4, 2016, after the plaintiff had settled his liability claim for policy limits. Clearly, had State Farm felt that plaintiff had been adequately compensated, they owed no obligation to issue the medical payment to plaintiff. As a result, it is clear that State Farm recognized their obligation to plaintiff and when they made this payment, it was an acknowledgement of that obligation.

We disagree with Aiola's reasoning. State Farm's med-pay obligation to Aiola was not converted to another type of obligation by virtue of the med-pay payment. Med-pay payments alone do not serve to interrupt prescription. *Veillon v. Fontenot*, 96-1075 (La.App. 3 Cir. 3/12/97), 692 So.2d 639, *writ denied*, 97-0932 (La. 5/16/97), 693 So.2d 801. Aiola's UM policy is not included in the record. We note, however, that the standard in UM policies is that med-pay payments are generally a contractual obligation under the policy due regardless of fault. As Aiola had the burden of proof in this matter, it was incumbent upon him to submit the insurance policy into the record if he wanted it to be considered.

*Acknowledgement*

Prescription can be interrupted when a party acknowledges the rights of the insured. La.Civ.Code art. 3464. Acknowledgement may be verbal, in writing, by payment, or it may be inferred from the particular facts and circumstances. *Veillon*, 692 So.2d 639. A UM insurer's payment of med-pay benefits alone simply does not constitute acknowledgement that would interrupt prescription. *Id.* As stated in

3

*Touchet v. State Farm Fire & Cas. Co.*, 542 So.2d 1142, 1146 (La.App. 3 Cir.), *writ denied*, 546 So.2d 1214 (La.1989), an insurance company's acknowledgement of a "right to reimbursement for medical expenses d[oes] not interrupt prescription for [plaintiff's] right to recover for his personal injuries." *See also Rockenbaugh v. State Farm Mut. Auto. Ins. Co,.* 15-1759 (La.App. 1 Cir. 6/3/16) (unpublished opinion). As Aiola has provided no other facts suggesting that State Farm acknowledged any obligation to him, we find no error in the trial court's granting of State Farm's Peremptory Exception of Prescription.

## CONCLUSION

The judgment of the trial court in favor of the defendant-appellee, State Farm Mutual Automobile Insurance Company, is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Russell Aiola.

**AFFIRMED**.