542 So.2d 1142 (1989)
Nelson R. TOUCHET, Plaintiff-Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, et al., Defendants-Appellees.
No. 88-52.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
Writ Denied June 30, 1989.
Edwards, Stefanski, Barousse, Cunningham, Stefanski & Zaunbrecher, Stephen A. Stefanski, Crowley, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Thomas G. Henning, Lake Charles, for defendants-appellees.
*1143 Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Nelson R. Touchet filed suit against State Farm Fire & Casualty Company, the homeowner's insurer of his son, Jacob Touchet, for personal injury he received in an accident which occurred on Jacob Touchet's property. The accident occurred on September 11, 1984. Nelson Touchet filed suit on January 17, 1986. State Farm filed a peremptory exception of prescription. The district court sustained the exception and dismissed Touchet's petition. From this judgment Touchet appeals, contending the actions of State Farm, through its agent, constituted tacit acknowledgment of the indebtedness owed to him. We affirm.
The issues raised on appeal were thoroughly covered by the learned trial judge in his excellent written reasons for judgment. After carefully reviewing the record, we find the district court's determinations and the jurisprudence it relied upon are well supported by the record. Therefore, we are happy to adopt the district court's recitation of the facts and reasons for judgment, in part, as our opinion which is set forth herein:

FACTS
"This is a suit in tort filed by plaintiff NELSON R. TOUCHET (plaintiff or Touchet) against State Farm under a homeowner's liability insurance policy issued by defendant to plaintiff's son, JACOB TOUCHET. Plaintiff alleges that he sustained an accident on the premises of his son on June 11, 1984. Suit was not filed until January 17, 1986, more than one (1) year after the accident and is prescribed under the provisions of C.C. Art. 3492 unless prescription has been suspended or interrupted.
Since the petition shows on its face that the prescriptive period has run, the burden is on the plaintiff to prove interruption of prescription. Andrus v. Patton, 394 So.2d 714 (La.App. 3 Cir.1981) and cases therein cited.
The evidence shows that [Touchet's] claim was initially reported to Mr. Benny Patterson, the local State Farm agent, who referred the claim to the Lafayette office for handling as a medical pay claim. The maximum of $1,000.00 was paid under the medical pay provisions of the policy. The liability part of the claim was referred to Mr. James Latour in the Lake Charles office of State Farm in April of 1985.
Plaintiff knew Mr. Latour who had previously adjusted a fire insurance claim with him.
The daily logs of State Farm were introduced in evidence. Mr. Latour met with plaintiff on several occasions to get a medical authorization signed, medical bills, reports and to gather other information in connection with the claim. The logs indicate a question of liability. The April 29, 1985 entry notes that a statement needs to be obtained from a witness concerning liability and the June 13, 1985 entry indicates that Mr. Latour advised plaintiff that a statement was going to be needed from Ronald Doucet [a witness to the accident]. This was the last recorded contact that State Farm had with plaintiff prior to the running of prescription on September 11, 1985. Mr. Latour was on storm-duty beginning August 15, 1985 and did not return to the office until after the claim had prescribed.
The plaintiff testified that on September 4, 1985, he called Mr. Latour's office to find out about his claim. Since Mr. Latour was out of the office he was referred to his secretary who told him that if he had a claim ... that was sufficient. The deposition of Ms. Marlene Sharpe was filed in evidence. She was Mr. Latour's secretary. Her deposition was taken on December 18, 1986, at which time she was no longer employed by State Farm. She testified that she had no memory of any specific conversations with Mr. Touchet concerning his claim although she remembered talking to him. However, she testified that while working for State Farm she would never advise a claimant that once a claim had been filed with the *1144 company that it would not be necessary to do anything else to protect the claim. Mr. Latour testified that the secretary could not handle a claim or advise the status of a claim and should refer the inquiry to the person handling the claim or the supervisor although there were no specific instructions as to what she could or could not do. He also testified that he never told Mr. Touchet that his claim would not be paid and admitted that it was not his practice to tell a claimant anything about his claim. He further stated that during his discussions with plaintiff he made no statements that plaintiff could rely on nor any statements to deceive him.
Plaintiff testified that Mr. Latour stated that `you be fair with us and we will be fair with you'. He also testified that he was aware of a one (1) year period of time and that was the reason he called in early September of 1985 because the year was approaching. However, he stated that he thought he had one (1) year to get the claim in and not one year to file suit.
The last entry in the log is dated December 19, 1985. It notes that Mr. Touchet came in that date to find out about his claim and was advised that his claim prescribed. The entry states `he said he's reported the claim & doesn't understand prescription'. He then left upset and said he was going to check with his attorney. This suit then followed on January 17, 1986.
* * * * * *

ACKNOWLEDGMENT
Delictual actions such as the instant suit are subject to a liberative prescription of one (1) year, which prescriptive period commences to run from the day injury or damage is sustained. C.C. Art. 3492, formerly C.C. Arts. 3536 and 3537. However, prescription can be interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. C.C. Art. 3464, formerly C.C. Art. 3520. Acknowledgment of a right may be formal or informal, express or tacit. Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment by the debtor. See Comment (e) to C.C. Art. 3464; and Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1979). To interrupt prescription, an acknowledgment must be clear, specific, positive and unequivocal. Such acknowledgment must be made with the intention to interrupt prescription. Mulkey v. Cate, 424 So.2d 1098 (La.App. 1 Cir.1982), [writ denied, 429 So.2d 144 (La. 1983)]. Recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of C.C. Art. 3464 as will affect an interruption of the running of prescription. The acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription then running. Marathon Insurance Company v. Warner, 244 So. 2d 353 (La.App. 2 Cir.1971).
In this case plaintiff relies on a tacit acknowledgment for the interruption of prescription and argues that this tacit acceptance can be inferred from the facts and circumstances under Flowers and Richardson v. Louisiana Farm Bureau, Etc., 393 So.2d 200 (La.App. 1 Cir.1980), writ denied, 398 So.2d 529 (La.1981). However, in Flowers the court held that the claim adjuster's acknowledgment of Mr. Flowers' right to reimbursement for medical expenses did not interrupt prescription of his wife's separate right to damages for her personal injuries. In this case the insurance company paid Mr. Flowers for the damages to the family automobile and all but $175.00 of Mrs. Flowers' medical expenses. By doing this the Court held that the insurance company intended to acknowledge its indebtedness for all of these expenses because there was no evidence that the company sought merely to compromise this claim. On the other hand, the Court stated that the evidence did not disclose that the insurance company ever admitted that it owed Mrs. Flowers for her personal injuries. It is true that the adjuster expressed a willingness to discuss her claim and to try to reach a compromise with her but his statements *1145 and actions did not manifest an intention to admit the company's indebtedness to her.

Richardson is factually distinguishable. In this case the evidence showed that the insurer admitted that it owed the plaintiff for the fire damage and the adjuster and plaintiff entered into a compromise which was later unenforceable since it was oral and not written. The Court did hold that this was sufficient to be considered a tacit acknowledgment.
Plaintiff also relies on the cases of Guice v. Mustakas, 490 So.2d 390 (La.App. 5 Cir.1986), and Deville v. Louisiana Farm Bureau Ins., 492 So.2d 895 (La. App. 3 Cir.1986), [writ denied, 496 So.2d 332 (La. 1986) ]. The facts in Guice are distinguishable to the present situation. In that case plaintiff received two (2) drafts which indicated `partial settlement of claim for bodily injury arising from accident on 04/24/82.' There was also testimony by Allstate personnel which led plaintiff to believe that Allstate would ultimately settle the claim without regards to time limits. In Deville the Court found that the Farm Bureau agent told the plaintiff that Farm Bureau would pay him $12,000.00 for settlement of his claim and made arrangements to meet the plaintiff with a check. The Farm Bureau agent did not show up for the previously scheduled meeting. The Court found from the evidence that the insurer intended to acknowledge Deville's rights. In fact, a settlement had been negotiated. His `right' to recovery was recognized by the actions of the insurer through its agent and, therefore, prescription was interrupted by tacit acknowledgment.
The Court has carefully reviewed the evidence in the case sub judice and finds that it does not show a tacit acknowledgment of Touchet's claim. On the contrary, the evidence shows that Mr. Latour did not say anything nor did he give plaintiff any documents which would reasonably give him the impression that his claim was recognized by State Farm. The logs show that there was a question of liability and there is no other evidence to indicate that plaintiff's claim was not in dispute. All of the conversations with plaintiff by Mr. Latour were expressions of a willingness to discuss the claim or negotiate but falls short, under the law, of evidencing a clear intent to acknowledge the claim."
We find Williams v. American Family Mut. Ins., 520 So.2d 1082 (La.App. 3rd Cir. 1987), also worthy of mention. In Williams, the facts therein, contrary to the facts in the case sub judice, clearly showed a tacit acknowledgment by the insurer sufficient to interrupt prescription.
In Williams, supra, a claims adjuster for American Standard Insurance Company and American Family Mutual Insurance Company (hereafter American) wrote to Edgar Williams, enclosing a draft in payment of his property damage claim. The claims adjuster also enclosed a draft for $50 and a release to be signed on behalf of plaintiff's minor son. Mr. Williams returned that draft and release, but cashed the draft sent in payment of his property damage. Thereafter, the claims adjuster contacted Mrs. Williams every 30 to 60 days by telephone, inquiring about settling the personal injury portion of the claim. Mrs. Williams indicated that she would settle when her son was released from his doctor's care. These contacts between the claims adjuster and Mrs. Williams continued for almost two years postaccident. American's claims adjuster made numerous offers of settlement, however, she never admitted that American was indebted to plaintiffs. More than one year postaccident, American again sent plaintiffs a receipt, release and check which were never negotiated. Thereafter, plaintiffs filed suit. This Court reversed the trial court, holding "Although American, through its claims representative, may not have categorically acknowledged an indebtedness to Kurt Williams, we believe that, under the particular circumstances of this case, i.e., no issue of liability and continuous and frequent contact by American to make payment and obtain a release for almost two years postaccident, there was a tacit acknowledgment of the indebtedness sufficient to interrupt the course of prescription." Id. at page 1084.
*1146 In the case sub judice, although Mr. Latour acknowledged filing and handling Mr. Touchet's claim, he testified at trial that he never made a settlement offer of any kind to Mr. Touchet, nor did he make or attempt to make any payments or partial payments under the liability portion of the insurance policy. Mr. Latour stated that he never made an attempt to negotiate with Touchet. Although Mr. Latour testified that he never advised Touchet that State Farm questioned its liability, he did inform Touchet that State Farm was sending his claim to its attorney. We find that this information should have put Touchet on notice that there was a problem with his claim. There is no evidence in the record to indicate that Mr. Latour or his secretary misled Touchet into believing that it was unnecessary for him to seek legal advice.

PAYMENT OF TOUCHET'S MEDICAL EXPENSES
Touchet contends that State Farm's partial payment of the medical portion of his claim was acknowledgment sufficient to interrupt the course of prescription on the liability portion of his claim.
The interruption of prescription has no effect beyond the specific right of the person to whom the debtor makes acknowledgment. Accordingly, Touchet's right to recover for his personal injuries was distinct from his right to recover medical expenses. Legal interruption does not regularly transfer from one obligation or action to another. Flowers, supra. Thus, the claims adjuster's acknowledgment of Touchet's right to reimbursement for medical expenses did not interrupt prescription for his right to recover for his personal injuries.
For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription filed by State Farm Fire & Casualty Company is affirmed. Costs of this appeal are assessed to Nelson R. Touchet.
AFFIRMED.