544 So.2d 754 (1989)
Thelma FARLEY, Plaintiff-Appellant,
v.
PAT TODD OIL CO., INC., et al., Defendants-Appellees.
No. 88-217.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*755 Brittain, Williams, Joe P. Williams, Natchitoches, for plaintiff-appellant.
Stafford, Stewart & Potter, Paul Boudreaux, Jr., Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
On February 8, 1986, plaintiff-appellant, Thelma Farley, was a customer at the Pat Todd Oil Company, Inc. Texaco Station in Natchitoches when she slipped and fell and sustained minor injuries. When the fall and resultant injury came to the attention of one of the officers of the corporation, he advised Farley to seek medical attention and that same would be paid for. Farley did seek medical attention which amounted to a little over $100.00. Mr. Lymon Phillips, a claims adjuster with United States Fidelity and Guaranty Company (USF & G), the oil company's insurer, advised plaintiff that he would be willing to settle the case for $500.00. Such offer was never accepted by plaintiff. The medical expenses were subsequently paid for by Pat Todd Oil Company, Inc. and USF & G.
On February 20, 1987, plaintiff filed suit. Made defendants were Pat Todd Oil Company, Inc. and USF & G. Defendants filed an exception of prescription. The district court sustained the exception of prescription and a judgment was signed in accordance therewith. It is from this judgment that plaintiff appeals.
The sole issue on appeal is whether the actions of defendants interrupted the one year prescriptive period governing plaintiff's tort claim. After a careful review of the record and the Louisiana jurisprudence governing this issue, we answer this inquiry in the negative.
Delictual actions such as the instant suit are subject to a liberative prescription of one (1) year, which prescriptive period commences to run from the day injury or damage is sustained. La.C.C. art. 3492. However, prescription can be interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.C.C. art. 3464. Acknowledgment of a right may be formal or informal, express or tacit. Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment by the debtor. See comment (e) to La.C.C. art. 3464; and Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1979). To interrupt prescription, an acknowledgment must be clear, specific, positive and unequivocal. Such acknowledgment must be made with the intention to interrupt prescription. Mulkey v. Cate, 424 So.2d 1098 (La.App. 1st Cir.1982), writ denied, 429 So.2d 144 (La.1983). Recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of La.C.C. art. 3464 as will affect an interruption of the running of prescription. The acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription when running. Marathon Ins. Co. v. Warner, 244 So.2d 353 (La.App. 2nd Cir.1971).
Plaintiff, in her appellate brief, urges that the one year prescriptive period on her tort claim was interrupted due to the actions of defendants. Plaintiff is referring to the supposed tacit acknowledgment of her claim by the settlement negotiations which took place between she and the claims adjuster for USF & G and by the payment of medical expenses by both Pat Todd Oil Company, Inc. and USF & G. We will address each of these issues separately.
With respect to the settlement negotiations which took place between plaintiff and the claims adjuster for USF & G, plaintiff is referring to the fact that Mr. Lymon Phillips offered her $500.00 in order to settle her claim. Plaintiff never accepted this offer.
*756 It is well established in our jurisprudence that prescription is not interrupted when parties engage in settlement negotiations which do not result in a settlement of the case. The case of Frederick v. Aetna Life & Casualty Co., 467 So.2d 600 (La. App. 3rd Cir.1985) involved a homeowners policy. In Frederick, the issue was one of interruption of prescription due to a letter written by the insurance company to the insureds. The court noted that candid and good faith settlement negotiations should be encouraged as a matter of public policy, and held that the letter written by the defendant was nothing more than a recognition of plaintiff's claim which was insufficient to interrupt prescription.
In Trainer v. Aycock Welding Co., 421 So.2d 416 (La.App. 1st Cir.1982), the plaintiff and defendant had entered into settlement negotiations which did not result in a settlement of the case. The plaintiff then filed suit beyond the prescriptive period and the court ruled that the negotiations did not result in an acknowledgment of the debt nor interrupt prescription. The court stated:
"It has long been the public policy of this State that the compromise of disputes are highly favored and promote judicial efficiency. (Citations omitted.) Candid and good faith settlement negotiations should be encouraged between the parties to a dispute to implement this policy. If settlement negotiations which do not result in an oral compromise agreement can constitute an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. We do not believe that the law should be interpreted to place such a chilling effect on settlement negotiations. The ruling of the trial court that the negotiations between the parties did not result in an acknowledgment is correct." (Emphasis added)
As previously stated, Mr. Phillips made an offer of settlement which was never accepted by plaintiff. There was no agreement to settle at the time of the offer nor in the future. Thus, pursuant to Frederick, supra, and Trainer, supra, Phillips' offer of settlement did not interrupt the prescriptive period on plaintiff's tort claim.
Plaintiff cites Guice v. Mustakas, 490 So.2d 390 (La.App. 5th Cir.1986), and Deville v. Louisiana Farm Bureau Insurance, 492 So.2d 895 (La.App. 3rd Cir.), writ denied 496 So.2d 332 (La.1986), for the proposition that an offer to settle by the insurance adjuster is a tacit acknowledgment of the right of plaintiff to recover thereby interrupting prescription. However, plaintiff has misread the holdings of those cases.
Guice, supra, involved a partial settlement under the liability portion of the policy, with an agreement that the remainder of the settlement would be concluded at a later date. The court noted that partial payment with an agreement to later pay the remainder constituted an acknowledgment of the liability claim (as opposed to the payment of a medical bill under the medical payments provision of the policy). The court further found that it was a tacit acknowledgment of liability with settlement to be concluded without regard to time limitations when medical reports were submitted in the future.
Deville, supra, involved an agreement between the plaintiff and the claims adjuster to settle for a certain amount on a certain date. The court correctly found that this constituted an interruption of prescription.
Guice, supra, and Deville, supra, are inapplicable to the instant situation since there was no agreement to settle at the time of the offer or in the future.
Plaintiff also cites Richardson v. Louisiana Farm Bureau Mutual Insurance Company, 393 So.2d 200 (La.App. 1st Cir. 1980), writ denied 398 So.2d 529 (La.1981), in support of her position. However, Richardson, supra, is distinguishable from the facts of the instant situation since in that case the evidence showed that the insurer admitted that it owed the plaintiff for the fire damage and the adjuster and plaintiff entered into a compromise which was later unenforceable since it was oral and not written. Such is not the case in our situation.
*757 As previously stated, plaintiff urges that the payment of medical expenses by Pat Todd Oil Company, Inc. and USF & G was acknowledgment sufficient to interrupt the course of prescription on the liability portion of her claim.
The interruption of prescription has no effect beyond the specific right of the person to whom the debtor makes acknowledgment. Flowers, supra. Accordingly, the plaintiff's right to recover for her personal injuries was distinct from her right to recover medical expenses. Legal interruption does not regularly transfer from one obligation or action to another. Flowers, supra. Thus, the defendants' acknowledgment of plaintiff's right to reimbursement for medical expenses did not interrupt prescription for her right to recover for her personal injuries.[1]
For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription filed by defendants is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] We are aware of the recent case of Melton v. United States Fidelity and Guaranty Insurance Company, 531 So.2d 1140 (La.App. 4th Cir.1988) wherein the court held that the payment of medical expenses by the insurer constituted a tacit acknowledgment of the debt sufficient to interrupt the running of prescription for all claims arising out of the accident. We reject this holding. For our most recent expression regarding this issue see Touchet v. State Farm Fire and Casualty Co., et al, 542 So.2d 1142 (La.App. 3rd Cir.1989).