613 So.2d 643 (1993)
Dayton H. WALLER, Jr., Plaintiff,
v.
Todd A. STUCKEY, et al., Defendants.
No. 24578-CW.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
Rehearing Denied February 18, 1993.
*644 Walter F. Johnson, III, Shreveport, for plaintiff.
Mayer, Smith & Roberts by D. Dalton Roberts, Shreveport, for defendants.
Before HIGHTOWER, BROWN and STEWART, JJ.
HIGHTOWER, Judge.
In this matter, we granted supervisory writs to address whether communications with plaintiff by an alleged tortfeasor's insurer, together with the payment of vehicle repair costs, interrupted prescription on a claim for personal injuries. For reasons hereinafter expressed, we answer that question negatively and order entry of judgment dismissing the action.

FACTS
On March 21, 1991, plaintiff, Dayton H. Waller, Jr., occupied his vehicle while traveling in a southerly direction on Common Street in Shreveport. At that time, Todd Stuckey, in operating his employer's pickup truck and initiating a turn onto the thoroughfare, struck and damaged Waller's automobile.
Within a short period following the accident, Waller and the employer's insurer, Liberty Mutual Insurance Company ("Liberty Mutual"), reached a property damage settlement. An adjuster for the carrier also telephoned plaintiff to discuss his personal injuries and medical expenses, supposedly caused by the incident. The record, however, merely reflects that conversation transpiring about a week after the mishap. Additionally, the same representative mailed three letters requesting written authorization to obtain medical reports. Yet, none of these achieved return of the enclosed form-type document.
On April 3, 1992, plaintiff filed suit for damages against Liberty Mutual, Stuckey, and his employer. Defendants subsequently excepted, pleading the one-year prescriptive period applicable to delictual actions. At trial of the exception, they argued that neither the payment of property damages nor the other communications, including the letters requesting authorization to view medical reports, constituted acknowledgment of liability so as to interrupt prescription.
In oral reasons, the trial court overruled the peremptory exception after finding that the suit had not prescribed. Viewing property damages as simply one element of the cause of action, the district judge stated:
In my opinion, the telephone responses, the statement by Mr. Shank [the insurance adjuster], as well as the three letters by Mr. Shank as well as the property damage settlement which was received by Mr. Waller, all signify to the Court that the case has been acknowledged by Liberty Mutual.
Defendants subsequently applied for the exercise of our supervisory jurisdiction.

DISCUSSION
An action in tort, as before us, prescribes in one year under LSA-C.C. Art. 3492. Furthermore, an exceptor pleading *645 that limitation ordinarily must bear the burden of proof. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981); St. Romain v. Lambert, 521 So.2d 618 (La.App. 1st Cir. 1988), writ denied, 523 So.2d 233 (La.1988); Trainer v. Aycock Welding Co., 421 So.2d 416 (La.App. 1st Cir.1982). However, where the petition on its face reveals prescription has run, the responsibility shifts to the plaintiff to show otherwise. Lima v. Schmidt, 595 So.2d 624 (La.1992).
Here, with the petition plainly stating that the accident transpired on March 21, 1991, prescription is conspicuously disclosed. Thus, plaintiff faced the burden of proving that the limiting period had been interrupted, suspended, or renounced. Lima, supra. In that regard, Waller argues neither suspension nor renunciation, but instead relies upon interruption by acknowledgment.
According to LSA-C.C. Art. 3464, "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." Thus, acknowledgment is the recognition of the creditor's right or obligation, and has the legal effect of halting the progression of prescription before its course has run. Lima, supra. Specifically, all accrued time is erased and the prescriptive period commences anew from the last date of an interruption. LSA-C.C. Art. 3466.
Save when dealing with mineral servitudes, an acknowledgment need be in no particular form; it is sufficient if made verbally, in writing, by partial payment, from payment of interest or by pledge, or otherwise indicated by the facts and circumstances. Lima, supra; Flowers v. U.S.F. & G. Co., 381 So.2d 378 (La.1980) (construing the predecessor article to LSA-C.C. Art. 3464, former LSA-C.C. Art. 3520).[1] See also Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul.L.Rev. 430, 435 (1940). Even delictual claims may be tacitly acknowledged. Lima, supra; Flowers, supra. However, as our supreme court has stated, some acts do not constitute an admission:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment. [Emphasis added and footnotes omitted.]
Lima, supra, at 634. See also Alexander v. Minnieweather, 595 So.2d 802 (La. App.2d Cir. 1992); Henderson v. Meshell, 579 So.2d 1113 (La.App.2d Cir.1991); Farley v. Pat Todd Oil Co., Inc., 544 So.2d 754 (La.App. 3d Cir. 1989), writ denied, 548 So.2d 1230 (La.1989); Touchet v. State Farm Fire & Cas. Co., 542 So.2d 1142 (La.App. 3d Cir. 1989), writ denied, 546 So.2d 1214 (La.1989); St. Romain, supra.[2]
*646 In the case sub judice, the record simply does not disclose an interruption of prescription as envisioned by Lima, supra. First of all, LSA-R.S. 22:661 provides settlements of property damages shall not be construed as an admission of liability respecting other related claims.[3] And, contrary to plaintiff's assertion, the legislation clearly is applicable under the circumstances at hand. See also Henderson, supra, likewise finding that such payments to a plaintiff's insurer are not an acknowledgment of liability. Secondly, while language in the letters suggests that the insurer willingly would have entered into settlement negotiations, such correspondence merely sought authorization to receive medical records. When reasonably considered, these documents do not evidence an acknowledgment as previously discussed. Cf. St. Romain, supra.
Neither does the record show that the adjuster ever orally communicated an acknowledgment of liability to plaintiff. In fact, Waller's own testimony indicates that the telephone conversation concerned the request for medical bills, and nothing more than the possibility of initiating litigation-avoiding settlement negotiations. Nor is there any evidence of an attempt to deceive plaintiff in any fashion, or otherwise mislead him into a false sense of security that his personal injury claim would be paid. Instead, the last letter to plaintiff, dated July 14, 1991, specifically advised that, if the insurer did not receive the pertinent information within thirty days, it would consider the file closed.

CONCLUSION
We therefore make the writ peremptory. Accordingly, the district court is ordered to vacate its earlier judgment, sustain defendants' plea of prescription, and dismiss plaintiff's suit at his cost.
WRIT MADE PEREMPTORY.

APPLICATION FOR REHEARING
Before NORRIS, HIGHTOWER, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.
NOTES
[1] A jurisprudential requirement that there exist a clear declaration of intent to interrupt prescription is no longer essential in a delictual action. Lima, supra.
[2] But see Landor v. Allstate Ins. Co, 571 So.2d 843 (La.App. 3d Cir.1990), writ denied, 575 So.2d 375 (La.1991), where the third circuit concluded that the payment of property repairs served to interrupt prescription on a claim for personal injuries. The opinion distinguished Farley, supra, and Touchet, supra, by indicating that in those cases payment of a quasi-contractual claim, under the medical payments provision of the policy, concerned a separate cause of action from that in tort under the liability portion of the contract. Subsequently, in support of its above-quoted statement in Lima, supra, our supreme court listed both Farley and Touchet, but made no reference to the Landor decision. Here, finding LSA-R.S. 22:661 dispositive in reference to the payment of property damages, we pretermit discussion of any seeming conflict between Lima and Landor.
[3] LSA-R.S. 22:661 will be redesignated unchanged as LSA-R.S. 22:3059, pursuant to insurance revisions effective January 1, 1993. The section provides:

No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.