665 So.2d 161 (1995)
Cyrus GARY, et ux., Plaintiff-Respondent,
v.
CAMDEN FIRE INSURANCE COMPANY, et al., Defendants-Relators.
No. 94-1431.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Writ Granted March 8, 1996.
*162 Richard Charles Broussard, Lafayette, for Cyrus Gary, et ux.
John A. Keller, Lafayette, for Camden Fire Insurance Company, et al.
L. Lane Roy, Lafayette, Gina Marie Bradley Tuttle, Opelousas, for Craig Smith Laf. Par. Sch. Bd. & Reliance Ins.
Arthur I. Robison, Lafayette, for Gerard G. Wattigny & Armentor & Wattigny.
Before YELVERTON, DECUIR and PETERS, JJ.
YELVERTON, Judge.
The first issue presented in this case is whether the voluntary payment of weekly worker's compensation benefits and medical expenses by an employer to an injured employee is an acknowledgment interrupting prescription. The second issue is whether a third-party tortfeasor is solidarily bound with the employer for the purpose of interrupting prescription. The third issue is whether the plaintiff's claims against the tortfeasor, if prescription is interrupted, are preserved as to all claims he has against the third-party defendants or as to just those elements of damages that are coextensively recoverable from the employer and the third-party defendants.
The facts pertinent to these issues began with an on-the-job injury to Cyrus Gary, the plaintiff, on March 12, 1992. The vehicle in which he was riding was rear ended by a school bus driven by Craig Smith, who was an employee of the Lafayette Parish School *163 Board. Gary sued Smith, the school board, and their insurer on July 7, 1993, which was more than a year after the accident. The defendants filed the exception of prescription of one year.
The district court overruled the exception. An application for writs was filed with this court, and we denied it. The factual basis in the record for overruling the exception was that, following the injury, Gary's employer made payments of weekly indemnity benefits and medical expenses. We regarded those payments as an acknowledgment having the effect of interrupting prescription against the employer. The suit against the defendants was filed within a year after the interruption. Relying on Williams v. Sewerage & Water Bd. of N.O., 611 So.2d 1383 (La.1993), we concluded that Gary's employer and the third-party tortfeasor defendants in this case were solidarily liable, and that the interruption of prescription against the employer preserved all rights assertable by Gary against the third-party tortfeasors. Although these were our underlying reasons for denying the writ application, we denied it without explanation. An application for writs was filed with the supreme court, and a writ was granted with an order transferring the case back to us for briefing, argument, and an opinion. We are now at the opinion stage.
WAS THE PAYMENT OF BENEFITS AN ACKNOWLEDGMENT INTERRUPTING PRESCRIPTION?
"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.Civ.Code art. 3464. An acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. Lima v. Schmidt, 595 So.2d 624 (La.1992). The essence of acknowledgment is not its form, but the debtor's recognition of the creditor's right to the debt claimed by him. Id. An acknowledgment may be tacit. Id. One of the ways that a tacit acknowledgment can occur is when a debtor makes an unconditional offer or payment, which constitutes a tacit acknowledgment. Id. An acknowledgment interrupts prescription. Id.
In worker's compensation cases, claims arising after disability payments are discontinued prescribe one year from the date of the last payment. La.R.S. 23:1209(A). The payments interrupt prescription. The payment of wages in lieu of compensation also interrupts the two-year prescriptive period provided in La.R.S. 23:1209. Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981). The payment of benefits under the Longshore and Harbor Worker's Act interrupts prescription of a claimant's right to sue for relief under Louisiana's Worker's Compensation laws. Chance v. Fidelity & Cas. Co. of New York, 509 So.2d 593 (La.App. 3 Cir.1987).
The federal courts, applying Louisiana law, have found that voluntary payment of worker's compensation benefits is an acknowledgment of the obligation, and that it interrupts prescription of a claim for such benefits. Billizon v. Conoco, Inc., 864 F.Supp. 571 (E.D.La.1994). An insurance carrier which voluntarily paid worker's compensation benefits under the Longshore and Harbor Worker's Compensation Act thereby acknowledged the employee's right to the benefits and interrupted prescription against all solidary obligors. Cormier v. Clemco Services Corp., 48 F.3d 179 (5 Cir.1995). We agree with these decisions and their reasons.
In the present case, Gary's employer and its insurer timely paid weekly benefits and medical expenses, and benefits were still being paid when the suit was filed against the third-party tortfeasor. These payments constituted an acknowledgment of Gary's rights, and interrupted prescription.
WAS THE THIRD-PARTY TORTFEASOR SOLIDARILY BOUND WITH THE EMPLOYER FOR THE PURPOSE OF INTERRUPTING PRESCRIPTION?
The interruption of prescription against one solidary obligor is effective against all solidary obligors. La.Civ.Code arts. 1799 and 3503; Williams, 611 So.2d 1383. In Stelly v. Patterson Services, Inc., 539 So.2d 787 (La.App. 3 Cir.1989), we held *164 that an employer liable under the provisions of the Louisiana Worker's Compensation Act is not solidarily liable with a third-party tortfeasor. This holding was specifically overruled by Williams. Williams held that an employer and a third-party tortfeasor are solidarily liable to an injured worker.
At the court of appeal level in Williams v. Sewerage & Water Bd., 597 So.2d 588 (La. App. 4 Cir.1992), where the exception of prescription was first maintained, the court applied the "whole performance" test to reach the conclusion that because a worker's compensation employer does not owe the same obligation to the injured person as does a third-party tortfeasor, they cannot be solidarily liable. The supreme court's reversal, relying primarily on Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La. 1982), held that liability for the "whole performance" meant simply that neither the employer nor the tortfeasor could plead the benefit of division as to their common liability. Because the obligations were to some extent common, there was solidarity.
Nor does solidary liability require that the defendants share liability for the whole of plaintiff's damages. Vincent v. Tusch, 618 So.2d 385 (La.1993). Rather, defendants are solidary for purposes of interrupting prescription as long as they share coextensive liability to repair certain elements of the same damage. Id. at 386. Accordingly, we agree with the trial court's holding that the applicants were solidarily liable with the employer and that the interruption of prescription as to the employer interrupted prescription as to them.
ARE GARY'S RIGHTS AGAINST THE THIRD-PARTY TORTFEASORS PRESERVED AS TO ALL CLAIMS HE HAS AGAINST THEM, OR IS HIS RECOVERY LIMITED TO ONLY THOSE ELEMENTS OF DAMAGES COEXTENSIVELY RECOVERABLE FROM THE EMPLOYER AND THE THIRD PARTY TORTFEASORS?
The applicants argue that even if prescription against them has been interrupted by the payment of worker's compensation benefits, the interruption preserves for plaintiff only his claim for loss of wages and medical expenses but not his claim for general damages. In support of this argument the applicants rely on Touchet v. State Farm Fire & Cas. Co., 542 So.2d 1142 (La.App. 3 Cir), writ denied, 546 So.2d 1214 (La.1989), and Farley v. Pat Todd Oil Co., Inc., 544 So.2d 754 (La.App. 3 Cir.), writ denied, 548 So.2d 1230 (La.1989). We now believe, as did another panel of this court in Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3 Cir.1990), writ denied, 575 So.2d 375 (La.1991), that Touchet and Farley may have reached the right result but for the wrong reasons. In any event, these cases do not support the applicants' position.
Touchet and Farley applied the doctrine "[l]egal interruption does not regularly transfer from one obligation or action to another", a doctrine from the Roman law first announced in our jurisprudence in the case of Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980). As applied in Flowers, the doctrine prevented the interruption of the husband's claim for medical expenses from operating as an interruption of the wife's (then) separate claim and cause of action for damages. Touchet and Farley applied the doctrine even after the law changed allowing a married woman to sue as equal manager of the community for all elements of tort damages. Touchet and Farley thought of special and general damages in a tort claim as two separate actions, and concluded that interruption of prescription as to one did not interrupt prescription as to the other.
Whether right or wrong, however, the reasoning of Touchet and Farley has no bearing on our present dispute. Those cases did not deal with the effect of solidarity on interruption of prescription. In the present dispute, the interruption of prescription against the employer did not of itself interrupt prescription against the third-party tortfeasor. This is not a case of transferring interruption from one case to another. The interruption occurs by means of solidarity. And it is not necessary, for solidary liability, that the liability of the solidary parties be based on the same cause of action. Williams, 611 So.2d 1383.
*165 The defendants argue that the reason for solidarity in this case (coextensiveness of the obligation) also operates to limit the plaintiff's unprescribed rights against them to that part of their obligation which is coextensive with that of the employer. We cannot agree. Williams does not say that.
We find that Gary is free to assert whatever claims he has against the third-party tortfeasors. The facts of Williams as well as its language make this clear. In Williams, the deceased's widow filed a suit against the employer for worker's compensation. The deceased's wife and his five major children later filed a claim against a third-party tortfeasor for damages. The second suit was on its face untimely. The tortfeasor pleaded prescription and the plaintiffs argued solidarity and interruption by the filing of the worker's compensation suit. The trial judge overruled the exception and the case was tried. A jury awarded damages of $200,000 against the tortfeasor in favor of the deceased's widow and $35,000 in favor of each of his five major children, a total of $375,000. The plaintiffs appealed the judgment as being inadequate. The third-party tortfeasor answered the appeal reurging the exception of prescription. The court of appeal reversed and maintained the plea of prescription, finding that the employer's responsibility for worker's compensation and the tortfeasor's responsibility for tort damages were not solidary obligations, and that in consequence the filing of suit against one did not interrupt prescription as to the other.
The supreme court reversed the court of appeal's ruling on prescription, and remanded the case to the court of appeal for consideration of the remaining issues on appeal. The supreme court's holding in the case is encapsulated in the first paragraph of its opinion:
This case presents the issue of whether an employer sued for recovery of worker's compensation is solidarily bound with a third party tort-feasor for the purpose of interrupting prescription. Because some elements of the damages recoverable from the employer and the tort-feasor are coextensive, we find that they are solidarily bound to that extent. Once prescription is interrupted based on this solidarity, the plaintiffs are free to assert whatever claims they have against the defendants. Thus, in this case, a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages. (Emphasis supplied). Williams, 611 So.2d at 1384-1385.
Nowhere in the decision did the supreme court say that the plaintiffs were limited in their recovery against the third-party tortfeasor by the coextensiveness of the third-party tortfeasor's obligation with that of the employer. Indeed, had that been its decision, it would have affirmed the court of appeal. Instead, the supreme court remanded the case to determine the merits of an appeal which put at issue, among other things, whether or not the damage award of $375,000 was inadequate. Considering that the deceased had five major children, that he died a laborer, that dependency must be established for benefits payable upon death, and that the aggregate of all claims cannot exceed 65% of the deceased's wages, it is hard to imagine that the Williams' damage award of $375,000 could have been coextensive with the employer's obligation to those plaintiffs under the Worker's Compensation Act. Obviously, this was a general damage award which the supreme court remanded to the court of appeal to determine whether it should be increased.
We conclude that an acknowledgment which interrupts prescription against the employer for worker's compensation also interrupts prescription as to the subsequent claim against the third-party tortfeasor for damages. The coextensiveness of the obligation as a requisite of solidarity does not mean that it also is a limitation on liability. Gary is free to assert whatever claims he has against the applicants.
For the foregoing reasons the application for writs is DENIED.