JiDECUIR, Judge.
The sole issue in these consolidated appeals is whether the trial court erred in granting the preliminary exceptions of prescription filed by the defendants-appellees D.L. Peterson Trust, Laniel C. Lanaux, Hartford Insurance Company, M.S. Carriers, John F. Rohme, Jr., CIGNA Insurance Company and Sedgwick James of Tennessee in the first appeal and State Farm Mutual Automobile Insurance Company in the second appeal.
FACTS
The pertinent facts are few. Bonnie Morgan was involved in a multiple-vehicle accident on July 25, 1992, involving the above named defendants or their insureds. At the time of the accident Morgan was delivering auto parts in her employer’s vehicle. Morgan has since received worker’s compensation benefits from her employer’s compensation insurer and continues to receive them to this Rday. On March 17, 1995, Bonnie and her husband, Randy Morgan, filed a suit for damages against the above named defendants. All defendant’s responded by filing peremptory exceptions of prescription which were duly granted by the trial court. The Morgans lodged these appeals.
DISCUSSION
The Morgans’ sole contention on appeal is that the trial court erred in granting the preliminary exceptions of prescription filed by the various defendants. They argue that the payment of worker’s compensation benefits by her employer interrupted prescription as to all defendants. We agree.
In the recently released case of Gary v. Camden Fire Insurance Company, et al, 94-1431 (La.App. 3 Cir. 12/6/95), 665 So.2d 161, we held that the voluntary payment of worker’s compensation benefits and medical expenses by an employer to an injured employee is an acknowledgment interrupting prescription. We further held that prescription is also interrupted as to third-party tortfeasors, who under Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993) are solidarity hable with the employer. Finally, we held that the interruption of prescription as to third parties was not limited to those claims where the obligations of the employer and the third party were coextensive but extended to all claims the Morgans may have against the third parties.
For the reasons stated in Gary, the judgments of the trial court are reversed and the cases remanded to the trial court. All costs of these appeals are to be borne by defendants-appellees.
REVERSED AND REMANDED.