JOHNSON, Justice.
 
 [1]
 

 [
 
 {We
 
 granted certiorari in this case to determine whether a defendant insurance company’s payments, pursuant to the no
 
 *763
 
 fault medical payment coverage provision in a commercial general liability policy, qualified as an acknowledgment sufficient to interrupt prescription for all claims arising out of an accident. For the reasons that follow, we hold that the no fault medical payment provision in an insurance policy are due and payable, irrespective of the defendant’s liability in tort. Payment of medical expenses only, with no other acts by the insurer, does not constitute an acknowledgment of general liability for damages.
 

 FACTS AND PROCEDURAL HISTORY
 

 On April 13, 2007, the Plaintiff, Robert Titus, slipped and fell in an IHOP Restaurant in Lafayette Parish, Louisiana. Shortly after the accident, IHOP’s insurer, Republic Fire and Casualty (“Republic”) paid part of the Plaintiffs medical expenses under the policy’s no-fault medical payment (“mecl-pay”) provision. On April 11, j g2008, the Plaintiff filed suit in Iberia Parish against several Defendants, including IHOP and Republic.
 
 [2]
 
 It is undisputed that the suit was timely filed in Iberia Parish. LSA-C.C. art. 3492 provides that delictual actions are subject to a liberative prescriptive period of one year from the day of injury or when the damage is sustained. In this case, the accident occurred on April 13, 2007; the lawsuit was filed in Iberia Parish on April 11, 2008. However, the Plaintiff requested that service be withheld.
 

 In response to the Iberia Parish suit, the Defendants filed an Exception of Improper Venue asserting that none of the Defendants were residents of Iberia Parish, and the accident occurred in Lafayette Parish. The trial court sustained the Defendants’ exception and transferred the suit to Lafayette Parish.
 

 After the transfer, the Defendants filed an Exception of Prescription, arguing that prescription is not interrupted where suit is filed in an incorrect venue and service of process was not effected on the Defendants until after the prescriptive period elapsed. If an action is commenced in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. LSA-C.C. art. 3462. Thus, once the prescriptive period has run, and the defendant has not been sued in the proper venue nor served within the prescriptive period, the case is prescribed. See,
 
 Riley v. Louisiana I-Gaming,
 
 98-1106, p. 5 (La.App. 5 Cir. 3/10/99), 732 So.2d 541, 544,
 
 writ denied,
 
 99-0997 (La.5/28/99), 743 So.2d 674.
 

 | ;¡The Plaintiff argues that under LSA-C.C. art. 3464, prescription was interrupted by tacit acknowledgment of the debt by Republic’s payment of a portion of his medical bills. The Defendants contend that the payments made to the Plaintiff under the med-pay coverage provision in the Republic policy issued to IHOP does not constitute a tacit acknowledgment, and therefore, did not interrupt prescription. The Defendants relied on the affidavit of Tracy Jackson, the claims adjuster for Republic, who attested that “the Insuring Agreement for Coverage C-Medical Payments-contained in the applicable commercial general liability policy specifically states that ‘We [the insurance company]
 
 *764
 
 will make these payments regardless of fault’ up to the limit of the medical payments coverage for bodily injury caused by the accident ...”
 
 [3]
 
 The affidavit demonstrated that these med-pay payments are quasi contractual in nature, and thus, not voluntary, and are due and payable regardless of liability when the medical payments were incurred as a result of injuries sustained in an accident.
 

 After a hearing, the trial court overruled the Defendants’ Exception of Prescription. In oral reasons for judgment, the trial court stated:
 

 As I’m looking at the documents that Mr. Titus has provided, they are: first, A 23 January 2008 letter to Mr. Titus from Tracy Jackson, ... and it reads: “We have been unable to reach you by phone. Please let us know if you’re still under treatment for your injuries sustained in this accident.”....
 

 [[Image here]]
 

 Then it’s followed by a March 22nd letter in which Mr. Titus encloses several — he reports his injuries, and towards the end of the — [letter] I guess that’s the second paragraph, he has this language: “I have calculated the total owed so far of $3454, not including lost wages, | transportation costs, prescription, and over-the-counter drugs, and miscellaneous costs which I have not yet calculated.”
 

 So that seems to say that Mr. Titus is expecting to collect more than just medical bills.
 

 [[Image here]]
 

 The affidavit [of Tracy Jackson] says that the company makes these payments regardless of fault up to the limits of the medical payments coverage for bodily injury caused by an accident on the premises.
 

 However, there’s no evidence that the insurance company communicated that it was denying any liability. And so it appears to me that this is one of those circumstances where the insurance company’s actions may have lulled the creditor into believing that it would not contest liability.
 

 The Defendants applied for supervisory writs from the trial court’s ruling. The Third Circuit Court of Appeal denied the writ, stating, “[w]e find no error in the trial court’s ruling.” The Defendants then applied to this Court, and we granted the writ application. See,
 
 Robert Titus v. IHOP Restaurant, Inc., et al.,
 
 09-951 (6/26/09), 11 So.3d 495.
 

 DISCUSSION
 

 The only issue to be determined is whether the voluntary payment of medical benefits by the insurer constituted an acknowledgment of liability which interrupted prescription.
 

 Any statute regulating the prescriptive period of a case is strictly construed against prescription and in favor of the obligation sought to be extinguished; in other words, the jurisprudence favors maintaining, as opposed to barring an action.
 
 Carter v. Haygood,
 
 04-0646, p. 10 (La.1/19/05), 892 So.2d 1261, 1268. The burden of proof rests on the party asserting the exception of prescription, unless the plaintiffs claim is barred on its face, in which case the burden shifts to the plaintiff to establish an 15interruption of prescription.
 
 Bailey v. Khoury,
 
 04-0620, p. 9 (La.1/20/05), 891 So.2d 1268, 1275.
 

 
 *765
 
 Louisiana Civil Code Article 3464 provides that prescription is interrupted when the debtor acknowledges the right of the person against whom he had commenced to prescribe. Such an acknowledgment is not subject to any particular formality.
 
 Lake Providence Equip. Co. v. Tallulah Prod. Credit Ass’n,
 
 257 La. 104, 241 So.2d 506, 509 (1970). An acknowledgment may be written or verbal, express or tacit.
 
 Id.
 
 Acknowledgment “involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgment.”
 
 Bracken v. Payne and Keller Co., Inc.
 
 06-0865 (La.App. 1 Cir. 9/5/07), 970 So.2d 582. A tacit acknowledgment arises from a debtor’s acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability.
 
 Id.
 

 In
 
 Flowers v. U.S. Fid. & Guar. Co.,
 
 381 So.2d 378, 382 (La.1979), this Court stated that acknowledgment sufficient to interrupt prescription may be made by partial payment, by payment of interest, by pledge, or in other ways, and that it may be implicit, or it may be inferred from the facts and circumstances. Moreover, this Court specifically stated that the prescription of a delictual obligation may be interrupted by either an express or tacit acknowledgment.
 
 Id.
 
 at 381-82.
 

 Thereafter, in
 
 Lima v. Schmidt,
 
 595 So.2d 624, 633-34 (La.1992), this Court cited that:
 

 Acknowledgment is a simple admission .... [which] only shows that the debt is not extinguished, that the creditor was not negligent, that the owner had a reason for not acting to preserve his right.
 

 [[Image here]]
 

 | (¡Acknowledgment interruptive of prescription results from any act or fact which contains or implies the admission of the existence of the right. It can be express or tacit.... [I]t can result from ... an offer made by the debtor even if not accepted by the creditor, at least if it is not conditional or in the nature of a mutual settlement....
 

 See also, 5 Civil Law Translations-Bau-dry-Lacantinerie & Tissier, Prescription, §§ 476, 527-35 (esp. 531), 647, quoted in
 
 Lima,
 
 595 So.2d at 633.
 

 In
 
 Lima,
 
 595 So.2d at 634, the court defined a tacit acknowledgment as occurring when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.
 
 Id.
 

 In
 
 Mallett v. McNeal,
 
 05-2289 (La.10/17/06), 939 So.2d 1254, the victim of an automobile accident sued the defendant and his insurer for the damages suffered as a result of the accident. Ten months after the accident, the victim demanded payment of property damage suffered, and the insurer made a payment to the victim. More than a year after the accident, the victim filed suit against the defendants for injuries and damages sustained as a result of the accident. In the petition, the victim urges that “although the action was filed more than one year after the accident, the action was not prescribed because [the insured’s] payment of the property damage served as an acknowledgment, thereby interrupting prescription.”
 
 Mallet,
 
 05-2289 at 2, 939 So.2d at 1256. The defendants filed an Exception of Prescription. The trial court denied the defendants’ exception, and the court of appeal found no error in the trial court’s ruling. Upon review, this Court held that an insurance company’s unconditional payment of property damages constituted an acknowledgment |7sufficient to interrupt prescription
 
 *766
 
 of the Plaintiffs tort claims.
 
 Mallet,
 
 05-2289 at 15-16, 939 So.2d at 1263-1264.
 

 In the present case, the Defendants argue that the instant case can be distinguished from
 
 Mallet
 
 because the instant case involves “quasi-contractual” payments under a no-fault med-pay coverage provision, and
 
 Mallett
 
 involves payments made for property damage which is a damage (tort) claim that depends on a degree of acknowledgment of liability.
 

 As a general rule, an insurer’s payment under the med-pay provisions of an insurance policy that is “due irrespective of defendant’s liability in tort,” does not “interrupt the course of prescription tolling against her tort claim.” See,
 
 Farley v. Pat Todd Oil Company,
 
 544 So.2d 754 (La.App. 3rd Cir.1989),
 
 writ denied,
 
 548 So.2d 1230 (La.1989)(Lemmon, J., concurring in denial of writ);
 
 Martinez v. Breaux Mart, Inc.,
 
 93-2257, 93-2497 (La.App. 4 Cir. 1/13/94); 631 So.2d 471.
 

 In
 
 Farley, supra.,
 
 the plaintiff had two causes of action as a result of being injured while on the defendant’s premises, i.e., a quasi-contractual right to recover under the medical payment provisions and a cause of action
 
 ex delicto
 
 under the liability provisions of the insurer’s policy. The insurer paid the plaintiffs medical expenses under the med pay provisions of the policy and, without admitting liability, attempted to settle with plaintiff, but the plaintiff rejected the settlement offer. The court of appeal held that the payment of the medical expenses did not interrupt the course of prescription tolling against her tort claim. However, the defendant-insurer tacitly acknowledged the obligation to pay the wife’s medical expenses by making partial payment. The Court held that this payment sufficiently interrupted | ^prescription as to the claim for medical expenses, but not for the personal injuries of the wife. In the Supreme Court’s denial of supervisory relief in
 
 Farley,
 
 Justice Lemmon concurred that, “[t]he payments were made under the medical payments feature of defendant’s policy and the payment was due irrespective of defendant’s liability in tort.”
 

 As in
 
 Farley,
 
 the Third Circuit also held in
 
 Touchet v. State Farm Fire & Casualty Company,
 
 et al., 542 So.2d 1142 (La.App. 3rd Cir.1989),
 
 writ denied,
 
 546 So.2d 1214 (La.1989), that “[ljegal interruption does not regularly transfer from one obligation or action to another”.
 

 The Third Circuit Court of Appeal has held that prescription was interrupted by payments of bills and benefits under a commercial insurance policy where payments were made under the bodily injury section of the policy and exceeded the med pay policy limit. See,
 
 Sinegal v. Kennedy,
 
 04-299 (La.App. 3rd Cir.9/29/04), 883 So.2d 1079,
 
 writ denied,
 
 04-2688 (La.1/7/05), 891 So.2d 683.
 

 The Fourth Circuit Court of Appeal held that the school board and its insurer never acknowledged that they would have interrupted prescription on student’s personal injury claim. The court noted that because neither agreed to pay anything for the purpose of interrupting prescription, there was nothing that would have led student’s mother to believe that it was not necessary to preserve her right to additional damages, other than medical expenses, by initiating legal proceedings. See,
 
 Woods v. St. Charles Parish School Bd.,
 
 00-1350 (La.App. 5 Cir. 1/23/01), 783 So.2d 387,
 
 writ denied,
 
 01-0506 (La.4/20/01), 790 So.2d 638.
 

 hThe Defendants argue that the Plaintiff has not satisfied his burden of proving that the Defendants “lulled” him into believing they would not contest liability by making payments under the no-fault med-pay coverage provision. The record demonstrates
 
 *767
 
 clearly that the Plaintiff was not “lulled” into inaction, since he did actually file his lawsuit within the prescriptive period. His error was filing the suit in an improper venue, and not obtaining service upon the Defendants within the prescriptive period.
 

 We conclude that an insurer’s payment of medical claims, pursuant to the no fault medical pay coverage provision in an insurance policy, does not result in a tacit acknowledgment of all general damage claims. For the foregoing reasons, we reverse the lower courts and grant the Peremptory Exception of Prescription.
 

 REVERSED.
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Ten:pore,
 
 participating in the decision.
 

 [2]
 

 . In the Petition for Damages, the Plaintiff staled that the accident occurred as he was walking to the restroom in IHOP, he "stepped off of the carpeted floor of the dining area onto a plastic tray that was protruding from an adjacent food cart onto a recently wet-mopped tile floor.” The Plaintiff argued that as a result of the slip and fall, he incurred bodily injuries, which required medical attention. The Plaintiff also argued that the accident was caused by the negligence of the Defendants, who are domiciled in Lafayette Parish and Dallas, Texas.