ROLAND L. BELSOME, Judge.
 

 [;Dr. Jeffrey Brumberger appeals the trial court’s granting of Touro Infirmary’s exception of prescription and the dismissal of his claims for unpaid wages.
 

 In January of 2001, Dr. Brumberger was hired by Touro Infirmary to be a flex employee at a rate of $105.00 per hour without benefits. Dr. Brumberger worked in the emergency room. Emergency room doctors kept track of their hours through sign-in sheets that were tallied for payroll on a monthly basis. Dr. Brumberger identified discrepancies in the hours he worked and the hours he was paid for continuously during 2001 and 2002. According to Dr. Brumberger’s records, he was owed approximately 71 hours for 2001 and 60 hours for 2002.
 

 Touro, in response to Dr. Brumberger’s repeated inquiries, assured him that the payroll records were being reviewed. In a letter dated November 19, 2002, Touro informed Dr. Brumberger that 34.5 hours of unpaid time had been discovered for the year 2002. Touro tendered a check for those hours on December 9, 2002. Although he accepted that check, Dr. Brum-berger expressed |2his concern over the remaining unpaid hours. At no time during this ongoing investigation into the unpaid hours did Touro deny that additional hours were owed.
 

 On February 12, 2003, the director of human resources for Touro sent a letter to Dr. Brumberger assuring him that the unpaid hours for 2001 were being looked into. Trusting that Touro was continuing to look into the matter, Dr. Brumberger relied on that representation and continued to wait for the issue to be fully resolved. After patiently working with Touro’s human resources department without satisfaction, Dr. Brumberger filed suit on August 23, 2005.
 

 In response to Dr. Brumberger’s suit, Touro filed an exception of prescription contending that claims for payment of salaries or wages are subject to a three-year prescriptive period. The trial court decided to set the matter for trial and address the exception of prescription at that time.
 
 [1]
 
 
 *295
 
 After hearing testimony, the trial court granted the exception of prescription in favor of Touro dismissing Dr. Brumber-ger’s claims for all but 12 hours of disputed pay from August 2002. Additional testimony was given specifically addressing the remaining 12 hours of disputed pay from August 2002. The trial court found that Touro had paid those hours and dismissed that claim as well. For the reasons that follow, we affirm in part, reverse in part, and remand.
 

 |3The first issue before this Court is whether prescription on Dr. Brumberger’s claims was interrupted by Touro’s ac-knowledgement of unpaid wages through an unconditional tender together with a letter from the Director of Human Resources regarding additional disputed wages.
 

 Generally, the prescription period for wage disputes is governed by La. C.C. art. 3494 which states “an action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees ...” are subject to a liberative prescription of three years. Here however, Dr. Brumberger argues that Touro never denied that he was owed additional hours. To the contrary, Touro continuously represented that they were trying to reconcile their records with that of Dr. Brumber-ger’s. It was when Touro submitted payment for only a fraction of the hours that were contested that Dr. Brumberger realized his accounting of the hours he had worked was being challenged. Prior to that time, he contributed the shortage in the checks to poor record keeping and administrative procedures. He had no reason to think he needed to preserve his right.
 

 It is well-settled that prescription can be interrupted by acknowledgment. La. C.C. art. 3464. The acknowledgment of a right in favor of a person can be written or verbal, express or tacit.
 
 Id.
 
 As recently stated by the Supreme Court in
 
 Titus v. IHOP Restaurant, Inc.,
 
 09-951 (La.12/1/09), 25 So.3d 761, a debtor’s acts of reparation or indemnity, unconditional offers or payment, or actions that lead the creditor to believe that the debt will not be contested is considered tacit 14acknowledgment.
 
 Id.
 
 at 765 (citing
 
 Bracken v. Payne and Keller Co.,
 
 06-0865 (La.App. 1 Cir. 9/5/07), 970 So.2d 582).
 

 In the instant case, Touro assured Dr. Brumberger of its efforts to reconcile the hours he worked "with the hours that were paid. Proof of such efforts was the unconditional payment of 34.5 hours and the written correspondence from the director of human resources. Clearly, Touro acknowledged that mistakes or miscalculations had been made which resulted in a debt owed to Dr. Brumberger. Therefore, prescription did not run against Dr. Brum-berger’s claims while he was working with Touro to resolve the matter. We find that once payment was tendered in an unsatisfactory amount on December 9, 2002, prescription began to toll. Therefore, Dr. Brumberger’s suit filed on August 23, 2005, was timely.
 

 In granting the exception of prescription, the trial court reserved the claim for hours worked in August of 2002 since the claim for those hours were clearly made prior to the three year prescriptive period set forth in La. C.C. art. 3494. After hearing additional testimony from Dr. Brumberger and the testimony of Chad Courrege, vice president of human resources for Touro, the trial court determined that Dr. Brumberger had been ae-
 
 *296
 
 curately paid for the hours he worked in the August 2002 pay period. Dr. Brum-berger presented his calculations and his pay stub for the contested pay period and Mr. Courrege submitted a computer-generated document indicating Dr. Brumber-ger had been compensated for the time he worked. The trial court ultimately determined that Touro had proved payment of the 12 hours and dismissed that claim.
 

 |aThis Court reviews the trial court’s determination of fact under a manifestly erroneous/clearly wrong standard.
 
 Nolan v. Mabray,
 
 2010-373, p. 9 (La.11/30/10), 51 So.3d 665, 672. “Further, where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.”
 
 Id.
 
 (citing
 
 Guillory v. Lee,
 
 09-0075 (La.6/26/09), 16 So.3d 1104, 1117). Based on the testimony provided, this Coui't cannot find that the trial court erred in its determination that the August hours were paid. Therefore, as to the dismissal of the claim for those 12 hours, we affirm the trial court.
 

 Because the trial court did not conduct a full trial on the hours owed to Dr. Brum-berger prior to the August 2002 hours, this court is unable to make any determinations as to the merits of those claims. Thus, the trial court’s ruling on the exception of prescription is reversed and the matter is remanded for further proceedings consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 [1]
 

 . At the time that the trial commenced, the exception of prescription was still pending. The trial court determined that much of the same testimony that would be offered at trial could be used to decide the issue of prescription. Therefore, the trial court proceeded with the trial on the merits initially stating that the issue of prescription would be resolved at' the close of the trial. However,
 
 *295
 
 once the plaintiff finished testifying on direct, Touro re-urged its exception of prescription.